**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

IN THE MATTER OF APPLICATION FOR      :
ADMISSION TO PRACTICE IN THIS COURT   :

**PETITION**

I __Arun Subramanian__, hereby petition the United States District Court for the Middle District of Pennsylvania to admit me to practice before that Court.  In support of my petition, I state as follows:

My office address is: Susman Godfrey L.L.P.

1301 Avenue of the Americas, 32nd Fl.

New York, NY 10019

Office Telephone: (212) 336-8330

I was admitted to practice before the Courts listed below on the date shown after the name of each Court, and I am currently a member in good standing of all those Courts.

New York- 8/20/08;  United States District Courts: Southern District of New York-9/9/08; Eastern District of New York-11/21/12; Eastern District of Texas-10/28/15; Eastern District of Michigan-10/21/16;

United States Courts of Appeals: Second Circuit-5/6/09, renewed 3/27/14; Federal Circuit-4/9/10; United States Supreme Court-2/23/15.

My attorney Identification number is: 4611869 New York

FOR COURT USE ONLY

_____ GENERAL ADMISSION:

GRANTED BY THE COURT: _____   Date: _____

_____ SPECIAL ADMISSION:

GRANTED BY THE COURT _____   Date: _____

Please Answer the Following Questions:

All occasions, if any, on which I have been convicted of a crime (subsequent to my becoming an attorney), censured, suspended, disciplined or disbarred by any court are set forth as follows: (State the facts and circumstances connected with each; if none, state "none".)   None.

All occasions, if any, on which I have been held in contempt of court are set forth as follows: (State the nature and final disposition of contempt; if none, state "none".)

I do _____, do not __X__, have any disciplinary action, contempt or other proceedings involving me pending before any court.  (Check the appropriate space.)  If there are pending proceedings, please explain: _____

I am seeking:

_____ General Admission under Local Rule LR 83.8.1

__X__ Special Admission (specify by a check which rule) under

LR 83.8.2.1 __X__, LR 83.8.2.2 ___, LR 83.8.2.3 ___, or LR 83.8.2.4 ___

If seeking special admission under Local Rules LR 83.8.2.1, LR 83.8.2.2, LR 83.8.2.3, or LR 83.8.2.4, the basis for my admission under the designated rule is as follows:

For the purpose of the case listed below.

NAME THE PARTY YOU REPRESENT:

Steven Plavin, Plaintiff

If special admission is requested for a particular case, please list case number and caption:

Case #   3:17-cv-01462-RDM

Caption #   Steven Plavin, et al. v. Group Health Incorporated,

I understand that:

1)  If seeking admission under Section LR 83.8.2.2, LR 83.8.2.3, or 83.8.2.4, I must submit a letter from a superior stating the agency with which I am employed and the duties performed which qualify me for admission under those sections.

2)  If petitioning for admission, only in a particular case, under Rule LR 83.8.2.1, I need no sponsor's certificate. Any attorney specially admitted under LR 83.8.2.1, shall, in each proceeding in which he or she appears, have associate counsel who is generally admitted under Local Rule 83.8.1 to practice in this court, whose appearance shall also be entered of record and upon whom all pleadings, motions, notices, and other papers may be served in accordance with any statute or applicable rule. The attendance of any such associate counsel upon the hearing of any motion or the taking of any testimony shall be sufficient appearance for the party or parties represented by such associate counsel. Either the specially admitted attorney or associate counsel must be fully prepared to participate in any hearings, arguments, conferences and trials. (See LR 83.9)

    If special admission is requested for a particular case, please list the name, address, telephone number and bar identification number of associate counsel to be entered of record in the case:

    J. Timothy Hinton, Jr. (PA ID 61981); Michael F. Cosgrove, (PA ID 47349)
    Haggerty Hinton & Cosgrove, LLP
    203 Franklin Avenue, Scranton, PA 18503; Tel.: (570) 344-9845

3)  If seeking general admission under Rule LR 83.8.1, I must be a member of the bar of the Supreme Court of Pennsylvania and have a sponsor who is a member in good standing of the Bar of this Court present to move for my admission and I must submit the sponsor's certificate with my petition.

PETITIONER

4611869-NY
(Bar Identification Number and State where admitted)
8/17/17
(Date)

By signing this petition for admission, I acknowledge that I have read the attached Middle District of Pennsylvania Code of Professional Conduct and agree to subscribe to the standards set forth in the Code.

NAME OF PETITIONER   Arun Subramanian

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CODE OF PROFESSIONAL CONDUCT

As a member of the Bar of the United States District Court for the Middle District of Pennsylvania, I will strive for the following professional ideal:

1. The rule of law will govern my entire conduct. I will not violate the law or place myself above the law.

2. I will treat with civility and respect the lawyers, clients, opposing parties, the court and all the officials with whom I work. Professional courtesy is compatible with vigorous advocacy and zealous representation. Even though antagonism may be expected by my client, it is not part of my duty to my client.

3. I will respect other lawyers' schedules as my own, and will seek agreement on meetings, depositions, hearings, and trial dates. A reasonable request for a scheduling accommodation should never be unreasonably refused.

4. Communications are life lines. I will keep the lines open. Telephone calls and correspondence are a two-way channel; I will respond to them promptly.

5. I will be punctual in appointments, communications and in honoring scheduled appearances. Neglect and tardiness are demeaning to others and to the judicial system.

6. I will earnestly attempt to resolve differences through negotiation, expeditiously and without needless expense.

7. Procedural rules are necessary to judicial order and decorum. I will be mindful that pleadings, discovery processes and motions cost time and money. I will not use them heedlessly. If an adversary is entitled to something, I will provide it without unnecessary formalities.

8. I will not engage in conduct that brings disorder or disruption to the courtroom. I will advise my client and witnesses appearing in court of the proper conduct expected and required there and, to the best of my ability, prevent my client and witnesses from creating disorder or disruption.

9. Before dates for hearings or trials are set, or if that is not feasible immediately after such date has been set, I will attempt to verify the availability of necessary participants and witnesses so I can promptly notify the court of any likely problems.

I agree to subscribe to the above
Code of Professional Conduct:

_____
Signature

SPONSOR'S CERTIFICATE:

I, __Michael F. Cosgrove__, am a member in good standing of the Bar of the United States District Court for the Middle District of Pennsylvania, having been admitted to practice on (month) __December__ (day) __1__, (year) __1986__. I have known the above petitioner for __a few years__. To my knowledge, the petitioner's moral character is as follows: __exceptional__

To my knowledge, the petitioner's educational background and experience are as follows: __See attached CV__

I sponsor and recommend __Arun Subramanian__ for admission as a qualified attorney to practice before this court.

*Michael F. Cosgrove*
(sponsor)

Office address: 203 Franklin Avenue

Scranton, PA 18503

Telephone: 570-344-9845

Attorney Bar I.D. Code No. 47349

# SUSMAN GODFREY L.L.P.



# Arun Subramanian
## Partner

New York
(212) 471-8346
asubramanian@susmangodfrey.com

## Overview

Arun Subramanian is a partner in Susman Godfrey's New York office. He has successfully represented both plaintiffs and defendants in a wide variety of high-stakes commercial cases, including intellectual property, breach of contract, life settlement, unfair competition, antitrust, bankruptcy, and fraud litigation. He has served as a law clerk at every level of the federal judiciary, including the Supreme Court of the United States, and utilizes his extensive court experience to achieve winning results for his clients.

Mr. Subramanian joined the firm after completing judicial clerkships for Justice Ruth Bader Ginsburg on the U.S. Supreme Court, Judge Dennis Jacobs on the U.S. Court of Appeals for the Second Circuit, and Judge Gerard E. Lynch on the U.S. District Court for the Southern District of New York. Mr. Subramanian graduated from Columbia Law School and served as Executive Articles Editor of the *Columbia Law Review*. He currently serves on the Board of Directors of the *Review*.

## Education
- Case Western Reserve University, *summa cum laude* (B.A., Computer Science & English, 2001)
- Columbia Law School (J.D. 2004)

## Judicial Clerkship
- Law Clerk to the Honorable Ruth Bader Ginsburg, Supreme Court of the United States, 2006-2007
- Law Clerk to the Honorable Gerard E. Lynch, United States District Court for the Southern District of New York, 2005-2006
- Law Clerk to the Honorable Dennis Jacobs, United States Court of Appeals for the Second Circuit, 2004-2005

## Honors and Distinctions

Executive Articles Editor, *Columbia Law Review*, Vol. 103
James Kent Scholar (2002-04), Harlan Fiske Stone Scholar (2001)

## Articles

"Will the Supreme Court Weigh in on Claim Construction Appeals?"  IPWatchdog (March 2014). Click here to read the article

Note, Assessing the Rights of IRU Holders in Uncertain Times, 103 Colum. L. Rev. 2094 (2003)

## Professional Associations and Memberships

### Bar Memberships

- United States District Court, Eastern and Southern Districts of New York, United States Court of Appeals for the Second Circuit, United States Court of Appeals for the Federal Circuit, State of New York, Eastern District of Texas, Eastern District of Michigan, Supreme Court of the United States

Professional Associations

- Board of Directors, The Columbia Law Review Association, Inc.
- Second Circuit's Pro Bono Panel
- South Asian Bar Association of New York

## Notable Representation

### INTELLECTUAL PROPERTY

- Represents plaintiff Personalized Media Communications ("PMC") in a patent infringement case filed against Motorola, Inc., EchoStar Corp., and DISH Network Corp. Defeated numerous motions filed by the defendants and third-party intervenors, including defendants' petition filed with the U.S. Court of Appeals for the Federal Circuit to transfer the case from Marshall, Texas to Delaware. PMC achieved a settlement with Motorola resulting in a broad patent license. Trial is presently set for February 2012 against the remaining defendants.

### LIFE SETTLEMENTS

- Represented the defendant in a $5 million declaratory judgment action filed by an insurer against the owner of a life insurance policy, for alleged violations of New York's insurable interest laws and other "STOLI" (stranger originated life insurance) related claims. Mr. Subramanian briefed and argued an early summary judgment motion that was granted in favor of his client and ended the case.
- Represents investors, trusts, trustees, brokers, and insureds in life settlement and STOLI litigation across the country against insurance companies seeking to avoid coverage on over $100 million in life insurance policies. In the last year alone, Mr. Subramanian has won substantial settlements lion for several clients.

### BREACH OF CONTRACT

- Achieved a total victory for client Wade Emory Johnson in a "David v. Goliath" breach of contract arbitration against Transparent Value, LLC, a subsidiary of global bank Guggenheim Partners. The AAA arbitration panel, after a four-day hearing, awarded Mr. Subramanian's client damages and securities worth millions of dollars(net of attorneys' fees and expenses). The award was subsequently confirmed in full by the New York State Supreme Court.
- Successfully represented GenOn Energy, Inc. in a multi-million dollar breach of contract action against NRG Retail, LLC filed in New York Supreme Court. The case was settled on confidential terms shortly after Mr. Subramanian filed a pre-discovery motion for summary judgment against NRG.

### CLASS ACTIONS

- Represented the plaintiffs in *Clark v. AdvanceMe, Inc.*, a class action brought in Los Angeles federal court challenging financial arrangements with retail merchants under California's laws against usury. After the plaintiffs prevailed in a choice-of-law fight where AdvanceMe attempted to enforce a New York choice-of-law provision in its contracts, on briefs authored primarily by Mr. Subramanian, the case was settled for approximately $23.4 million in cash and other economic consideration.

### PRO BONO

- Won a reprieve from deportation for an indigent and seriously ill client who was convicted of a drug crime that rendered him ineligible for any relief. The deportation would have separated the client from his children and posed a serious, likely fatal, risk to his health. Mr. Subramanian challenged the constitutionality of the client's conviction and ultimately negotiated a deal with the Brooklyn District Attorney's Office resulting in a re-plea to a dramatically reduced offense, and the termination of the client's deportation proceedings.