# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

------------------------------------------------------------ x

STEVEN PLAVIN, on behalf of himself and all
others similarly situated,

                    Plaintiff,

v.

GROUP HEALTH INCORPORATED,

                    Defendant.

                              No. 3:17-cv-01462-RDM

                              Judge Robert D. Mariani

                              Electronically Filed

------------------------------------------------------------ x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT GROUP HEALTH INCORPORATED'S MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON <u>WHICH RELIEF CAN BE GRANTED</u>

DEBEVOISE & PLIMPTON LLP
John Gleeson*
Maura K. Monaghan*
Jared I. Kagan*
Eric W. Shannon*
919 Third Avenue
New York, NY 10022
(212) 909-6000

* admitted *pro hac vice*

LeVAN LAW GROUP LLC
Peter H. LeVan, Jr.
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
(215) 561-1500

*Attorneys for Defendant*
*Group Health Incorporated*

December 8, 2017

# **TABLE OF CONTENTS**

Preliminary Statement.............................................................................................1

Argument................................................................................................................3

   I.     The Complaint Is Entirely Time Barred. ...........................................3

      A.  The GBL Claims (Second and Third Claims) Are Time Barred. .........5

         1.   Plaintiff's Argument Regarding When His Claims Accrued is Wrong.............................................................................5

         2.   Plaintiff's GBL Claims Also Are Untimely Under His Alternative Theory Of Accrual. ....................................7

      B.  The Insurance Law Claim (Fourth Claim) Is Time Barred..................9

      C.  The Unjust Enrichment Claim (First Claim) Is Time Barred. ............10

   II.    The GBL Claims Independently Fail.......................................................10

      A.  Claims Concerning An Insurance Contract Negotiated By Sophisticated Parties Do Not Implicate Consumer-Oriented Conduct. ....................................................................................10

      B.  The Complaint Fails To Allege Materially Misleading Statements. ..................................................................................12

   III.   The Unjust Enrichment Claim Independently Fails.................................14

      A.  The Certificate Of Insurance Is A Valid Contract That Governs The Relationship Between GHI And Plaintiff. ...................................14

      B.  The Unjust Enrichment Claim Is Duplicative Of The GBL and Insurance Law Claims................................................................15

      C.  The Complaint Fails To State A Claim For Unjust Enrichment........17

   IV.   The Class Claims Fail. ...........................................................................19

   V.    The Prayer For Enhanced Damages Should Be Stricken. .........................20

Conclusion ...........................................................................................................21

# **TABLE OF AUTHORITIES**

**CASES**

*Berk v. J.P. Morgan Chase Bank, N.A.,*
No. 11-cv-2715, 2011 WL 4467746 (E.D. Pa. Sept. 26, 2011) ........................19

*Burrell v. State Farm & Cas. Co.,*
226 F. Supp. 2d 427 (S.D.N.Y. 2002) ...............................................................20

*Corsello v. Verizon N.Y., Inc.,*
18 N.Y.3d 777 (2012) .......................................................................................16

*Eidelman v. Sun Prods. Corp.,*
No. 16-cv-3914, 2017 WL 4277187 (S.D.N.Y. Sept. 25, 2017)......................12

*Enzinna v. D'Youville College,*
84 A.D.3d 1744 (N.Y. App. Div. 2011) ..........................................................7, 8

*Gaidon v. Guardian Life Ins. Co. of Am.,*
96 N.Y.2d 201 (2001) ..............................................................................6, 7, 8, 9

*Groh v. Halloran,*
86 A.D.2d 35 (N.Y. App. Div. 1982) ...............................................................18

*Howard v. Gap, Inc.,*
No. 06c-civ-06773, 2007 WL 164322 (N.D. Cal. Jan. 19, 2007) ....................18

*In re Burlington Coat Factory Litig.,*
114 F.3d 1410 (3d Cir. 1997) .............................................................................4

*In re Flonase Antitrust Litig.,*
610 F. Supp. 2d 409 (E.D. Pa. 2009)................................................................19

*Lomma v. Ohio Nat'l Life Assur. Corp.,*
No. 16-cv-2396, 2017 U.S. Dist. LEXIS 144227 (M.D. Pa. Sept. 6, 2017) ......14

*McCracken v. Verisma Sys., Inc.,*
131 F. Supp. 3d 38 (W.D.N.Y. 2015)................................................................20

*Nat'l Westminster Bank plc v. Grant Prideco, Inc.,*
261 F. Supp. 2d 265 (S.D.N.Y. 2003) ...............................................................15

*N.Y. Univ. v. Cont'l Ins. Co.*,
    87 N.Y.2d 308 (1995) ...............................................................................10, 11

*Nelson v. MillerCoors, LLC*,
    246 F. Supp. 3d 666 (S.D.N.Y. 2017) ..................................................16

*Pike v. N.Y. Life Ins. Co.*,
    72 A.D.3d 1043 (N.Y. App. Div. 2010) ................................................5

*Russo v. Mass. Mut. Life Ins. Co.*,
    274 A.D.2d 878, 879 (N.Y. App. Div. 2000) .......................................9

*Schandler v. N.Y. Life Ins. Co.*,
    No. 09-cv-10463, 2011 WL 1642574 (S.D.N.Y. Apr. 26, 2011)................5, 6, 7

*Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline,*
    *PLC*, 263 F.R.D. 205 (E.D. Pa. 2009) ..................................................19

*Statler v. Dell, Inc.*,
    775 F. Supp. 2d 474 (E.D.N.Y. 2011) ..................................................14

*Ventus Networks, LLC v. Answerthink, Inc.*,
    No. 05-cv-10316, 2007 WL 582736 (S.D.N.Y. Feb. 22, 2007) ........................20

*Yatsonsky v. State Farm Fire & Cas. Co.*,
    No. 15-cv-1777, 2016 WL 1660863 (M.D. Pa. Apr. 27, 2016) ...........................4

**STATUTES**

N.Y. Gen. Bus. Law § 349 ............................................................................*passim*

N.Y. Gen. Bus. Law § 350...........................................................................*passim*

N.Y. Insurance Law § 4226 ..........................................................................*passim*

Defendant Group Health Incorporated ("GHI") respectfully submits this reply memorandum of law in further support of its motion to dismiss the Complaint.

## PRELIMINARY STATEMENT

Plaintiff Steven Plavin, then a New York City police officer, became a member of the GHI Plan in 1984. Beginning in 2004 (undisputedly outside the limitations period), Plaintiff and his family members' use of out-of-network providers spiked – presumably upon Plaintiff's retirement from the Police Department and when he moved to Pennsylvania, where he now is a resident. During the 10-year period that that followed, they sought reimbursement for such services 538 times, an average of about once per week. Both the plan itself and common sense told Plaintiff that he would bear some of the cost of out-of-network medical services, and over that 10-year period he learned through experience what those costs were. Apparently satisfied with a reimbursement schedule he alleges has been "virtually untouched since 1983," Plaintiff has continuously re-enrolled in the GHI Plan since 2004, despite having other options offered by City from which to choose.

Stripped of the bold type, sarcasm, hyperbole, and a citation to a 1980s movie, Plaintiff's main argument boils down to this: He did not find out that his "expectation" of 100% reimbursement for out-of-network costs was not being met

until February of 2015 – when he received only a partial reimbursement from GHI for what appears to have been the 538th time in more than 10 years.

This case should be dismissed because, among other reasons, the Complaint is entirely time barred.  Plaintiff's focus on more recent years in an attempt to fit his claims within the applicable limitations period is as futile as it is disingenuous. The time for Plaintiff to bring these claims has long since passed no matter whether they accrued in 1984 or 2004.

The Complaint also fails on the merits.  With respect to the GBL claims, Plaintiff does not dispute that where a challenged practice arises out of a private contract of insurance negotiated by sophisticated parties on both sides – like the one at issue here – it does not constitute consumer-oriented conduct, and cannot give rise to claims under GBL provisions intended to govern situations in which large companies deal directly with consumers.  Here, Plaintiff was represented by both the City of New York and the Municipal Unions in negotiating an insurance plan tailored to the needs of City workers.  Perhaps in recognition of the defect in his GBL claims, Plaintiff now makes the surprising argument that the terms of the GHI Plan are "wholly irrelevant" to his claims.

The GBL claims also fail because no reasonable person, as a matter of law, would be misled by the Summary Program Description ("SPD") or the Summary of Benefits & Coverage ("SBC").  Plaintiff relies heavily on the three-year-old

Assurance of Discontinuance ("AOD"), but conveniently ignores that GHI did not admit any liability and the NYAG's "findings" in that context were made under a standard that renders them entirely insufficient here.

The unjust enrichment claim also independently fails. The subject matter of the claim is governed by the Certificate of Insurance, a valid contract. Plaintiff's only recourse with respect to the manner in which benefits were paid under the GHI Plan is a claim for breach of contract (which also would fail). It is irrelevant for purposes of dismissing the unjust enrichment claim that Plaintiff is a third-party beneficiary to the contract rather than a direct party. The claim fails, too, because it is duplicative of the GBL and Insurance Law claims and because the Complaint fails to state a claim for unjust enrichment.

Because all of Plaintiff's claims fail and the class claims are untenable as a matter of law, the Complaint should be dismissed in its entirety and Plaintiff's stale claims should be laid to rest.

<u>**ARGUMENT**</u>

## I.   THE COMPLAINT IS ENTIRELY TIME BARRED.

Plaintiff does not dispute that the statute of limitations for N.Y. General Business Law ("GBL") §§ 349, 350, and N.Y. Insurance Law § 4226 is three years, and it is six years for claims of unjust enrichment. The conduct of which Plaintiff complains involves alleged misrepresentations concerning the GHI Plan,

in which Plaintiff has been enrolled since 1984.  Compl. ¶ 13.  Although Plaintiff

focuses on the years 2011 to 2015, the Complaint alleges that the schedule for

reimbursement of out-of-network expenses has remained the same since Plaintiff

first enrolled over three decades ago.  Plaintiff also does not dispute that he

repeatedly has re-enrolled in the GHI Plan, and that he and his family have

received hundreds of out-of-network services (and received reimbursement for

them) under the GHI Plan dating back to 2004.  GHI Br. (ECF No. 31-1) at 14

(citing Manalansan Decl. (ECF No. 31-3) ¶ 6).[1]  Whether Plaintiff's claims accrued

at the time he first enrolled in the GHI Plan or when he first received

reimbursement for out-of-network services, each of Plaintiff's claims is time

barred.

---

[1]   The Complaint references only three uses of out-of-network services, no doubt
in an effort to create the misimpression that Plaintiff did not learn about the
partial reimbursement until 2014 or 2015.  Compl. ¶ 41.  Plaintiff's claim that
GHI somehow acted "improperly" (Pl. Br. at 18) by submitting an affidavit
pointing out that he and his family used and received reimbursement for 538
out-of-network services since 2004 ignores the law and Plaintiff's own
pleadings.  Plaintiff himself made this claims history part of his allegations, and
the rest of that history is as integral to the Complaint as the GHI Plan itself.
Plaintiff has failed to address, let alone distinguish, the authority cited in GHI's
opening brief for supplying this information to the Court.  *See* GHI Br. at 14
(citing *Yatsonsky v. State Farm Fire & Cas. Co.*, No. 15-cv-1777, 2016 WL
1660863, at *4 (M.D. Pa. Apr. 27, 2016) (citing *In re Burlington Coat Factory
Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)) (considering on a motion for
judgment on the pleadings letters defendant insurance company mailed to
plaintiff placing plaintiff on notice of shortened limitations period under policy
terms)).

**A.      The GBL Claims (Second and Third Claims) Are Time Barred.**

When a Plaintiff asserts a GBL claim on the ground that he purchased or enrolled in an insurance policy as a result of alleged misrepresentations concerning the policy, the claim accrues at the time the policy was selected and purchased. *See* GHI Br. at 10-11 (citing *Schandler v. N.Y. Life Ins. Co.*, No. 09-cv-10463, 2011 WL 1642574 (S.D.N.Y. Apr. 26, 2011); *Pike v. N.Y. Life Ins. Co.*, 72 A.D.3d 1043 (N.Y. App. Div. 2010)).  The Complaint alleges that GHI engaged in "deceptive conduct and false advertising," so as to ultimately "induce [plan participants] to select the GHI Plan, and cause them to incur substantial out-of-pocket costs that GHI led them to believe they were protected against."  Compl. ¶ 35.  Plaintiff's purported expectations were not met in 1984 when he first "purchased and received an insurance policy that was inferior to the policy that Defendants purportedly promised," and that is when his claim accrued.  *Schandler*, 2011 WL 1642574, at *4.  Accordingly, the GBL claims are time barred.

1.      Plaintiff's Argument Regarding When His Claims Accrued is
        Wrong.

Plaintiff's suggestion that his claims did not accrue when he enrolled in the GHI Plan because he allegedly did not "receive the policy at all" (Pl. Br. (ECF No. 41) at 11) appears to be premised upon some kind of "discovery rule," but New York courts expressly have rejected that any such rule applies to GBL claims.  *See* GHI Br. at 10-12.  Plaintiff does not dispute that the Certificate of Insurance

includes the coverage, terms, and benefits of the GHI Plan (*see* GHI Br. Ex. 2 (ECF No. 31-5)), and his claim is that the coverage actually provided under the GHI Plan is not the coverage GHI purportedly promised. That Plaintiff did not request or otherwise receive a copy of the Certificate of Insurance does not change the fact that when he selected the GHI Plan in 1984, he enrolled in a plan that did not include the benefits that he alleges GHI promised. Under New York law, that is when his claim accrued.

The circumstances of this case closely parallel the facts in *Schandler*. In that case the plaintiff alleged that New York Life's promotional materials were deceptive because they promised that the plan at issue provided broad convalescent facility benefits when in fact it did not. 2011 WL 1642574, at *4. The court held that the plaintiff's GBL § 349 claim accrued when she purchased a policy that did not include the terms that New York Life purportedly promised. *Id.* at *5. In rejecting the plaintiff's argument that her claim accrued at the later date, when her benefit claims were denied, the court carefully distinguished the facts of *Gaidon II*, noting that the deceptive practices alleged in *Gaidon II* did not concern false guarantees of policy terms. *Id.* (citing *Gaidon v. Guardian Life Ins. Co. of Am.,* 96 N.Y.2d 201 (2001) ("*Gaidon II*")).

Plaintiff here alleges false guarantees of policy terms (*i.e.* that the level of reimbursement under the GHI Plan was not what GHI had promised) similar to the

plaintiff's allegations in *Schandler*.  Accordingly, Plaintiff's claim accrued when he first enrolled in the GHI Plan that did not include the benefits that GHI purportedly promised.  But even assuming the claims accrued at the time that Plaintiff first was called upon to pay for out-of-network services, there is no dispute that happened in 2004, far outside the limitations period.

### 2.   Plaintiff's GBL Claims Also Are Untimely Under His Alternative Theory Of Accrual.

Even if Plaintiffs' claims accrued at the time he first was called upon to "pay substantial amounts for out-of-network services" (Pl. Br. at 10), the GBL claims still are time barred.  The Complaint alleges that Plaintiff's wife received out-of-network services in February 2013, March 2014, and July 2014, all of which are outside of the limitations period – the earliest of which by eighteen months. Compl. ¶ 41.  Moreover, Plaintiff does not dispute that he and his family received more than 500 out-of-network services (and received reimbursement for them) under the GHI Plan dating back to 2004.  Manalansan Decl. ¶ 6.  Thus, even under Plaintiff's theory, his GBL claims are time barred.

*Gaidon II* and *Enzinna*, upon which Plaintiff relies, did not involve a contractual arrangement that on its face failed to deliver what the defendant's allegedly deceptive statements had promised, and neither case supports the argument that Plaintiff's claims are timely.  To the contrary, even if Plaintiff's

interpretation of those cases is accepted, they indicate that, at the very latest, Plaintiff's GBL claims accrued in 2004 and are well outside the limitations period. In *Enzinna v. D'Youville College*, 84 A.D.3d 1744 (N.Y. App. Div. 2011), students claimed that they were induced to enroll in a college chiropractic program by promises that they would be eligible for licensure examination in all states upon graduation. The first and only indication to them that their expectations would not be met was when they graduated and learned their degrees did not render them eligible for licensure in all states. *Id.* at 1744. Unsurprisingly, the court held that their GBL claims accrued at that time. *Id.* Even if that determination were applicable to this case, beginning in 2004, Plaintiff learned that out-of-network services were reimbursed at a level that he contends is inconsistent with his expectations.

Similarly, in *Gaidon II*, the plaintiffs alleged that Guardian Life "engaged in deceptive marketing and sales practices in promoting sales of its 'vanishing premium' policies through agents' representations and personalized graphic illustrations showing that, after a specified period, 'the policy's dividends would thereafter cover the premium costs.'" 96 N.Y.2d at 206. The court held that the GBL claims accrued the first time the plaintiffs were called upon to pay additional premiums beyond what they expected to be the "vanishing date." *Id.* at 211. However, as the New York Court of Appeals observed, the alleged

misrepresentations were "not false guarantees of policy terms," like those Plaintiff here alleges concerning the level of reimbursement under the GHI Plan, but rather were based on statements "inducing unrealistic expectations of continuing interest/dividend rates" that were outside the four corners of the plan. *Id.* at 211-12. Even if *Gaidon II* were factually apposite, Plaintiff's claims would have accrued the first time he received reimbursement for out-of-network services below the amount he alleges he was promised. That occurred in 2004, thirteen years before the Complaint was filed.

### B.    The Insurance Law Claim (Fourth Claim) Is Time Barred.

The N.Y. Insurance Law § 4226 claim accrued at the same time as the GBL claims. *See* GHI Br. at 13 (citing *Russo v. Mass. Mut. Life Ins. Co.*, 274 A.D.2d 878, 879 (N.Y. App. Div. 2000) (the limitations analysis for GBL § 349 "is equally apt to Insurance Law § 4226"), *rev'd on other grounds sub nom. Gaidon II*)). The court in *Gaidon II* did not hold otherwise, contrary to Plaintiff's suggestion. *See* Pl. Br. at 12 n.8. *Gaidon II* addressed only the specific issue of when a claim based on "vanishing premiums" accrues, and did not disturb *Russo*'s more general analysis of when a claim accrues under Insurance Law § 4226. Accordingly, the timeliness of the Insurance Law claim rises and falls with the timeliness of the GBL claims, all of which are time barred.

### C.   The Unjust Enrichment Claim (First Claim) Is Time Barred.

The limitations period for an unjust enrichment claim accrues upon the occurrence of the wrongful act giving rise to a duty of restitution.  *See* GHI Br. at 13-14.  Plaintiff's unjust enrichment claim is based on the same set of facts as his other time-barred claims, and accrued far outside even the longer six-year limitations period for unjust enrichment claims.  Plaintiff's suggestion that his claim is saved because he continued year after year to elect the same health insurance plan that purportedly victimized him – the limits of which he fully was aware due to his hundreds of out-of-network claims since 2004 – makes little sense.  The unjust enrichment claim is time barred and should be dismissed.

## II.   THE GBL CLAIMS INDEPENDENTLY FAIL.

### A.   Claims Concerning An Insurance Contract Negotiated By Sophisticated Parties Do Not Implicate Consumer-Oriented Conduct.

Plaintiff does not dispute that where a challenged practice arises out of a private contract of insurance negotiated by sophisticated parties, it "do[es] not constitute consumer-oriented conduct."  GHI Br. at 14 (quoting *N.Y. Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 321 (1995) ("*NYU*")).  Plaintiff also does not dispute that the GHI Plan was a contract negotiated between GHI on the one hand, and the City of New York Office of Labor Relations and the Municipal Unions that represent City employees and retirees on the other.  *Id.* at 15.  The GHI Plan is undisputedly a private contract of insurance like the one in *NYU* that the New York

Court of Appeals found could not give rise to a GBL claim.  In other words, the GHI Plan "was not a standard policy, although it contained standard provisions, but was tailored to meet the purchaser's wishes and requirements."  *NYU*, 87 N.Y.2d at 321.

None of the cases Plaintiff cites – where courts found that the conduct at issue was "consumer oriented" (Pl. Br at 14-15) – involved a private contract of insurance negotiated by sophisticated parties.  And the truism "Plavin is not a university" (Pl. Br. at 16) is not a substitute for legal reasoning.  Like the university in *NYU*, which was represented by its director of insurance, Plaintiff was represented by sophisticated institutions that hammered out with GHI an insurance contract specifically tailored to City workers.  The core principle of the New York law cited in GHI's opening brief is that the consumer protection provisions in the GBL do not apply to such privately-negotiated contracts.  *See* GHI Br. at 14-17.[2]

Plaintiff's last-ditch argument on this point – that "the terms of the City contract are wholly irrelevant to [his] claims" – borders on the absurd.  Pl. Br. at 16.  The entire Complaint hinges on allegations concerning the level of reimbursement provided *under the terms of the GHI Plan*.  In light of the

---

[2]   The NYAG's reference to insureds as "consumers" in the AOD (Pl. Br. at 15) – through which the NYAG discontinued its investigation without bringing charges and in which GHI admitted no liability – is no more binding on this Court than Plaintiff's own allegations.

circumstances giving rise to the contract at issue, Plaintiff cannot allege consumer-oriented conduct, and the GBL claims should be dismissed.

### B.     The Complaint Fails To Allege Materially Misleading Statements.

Plaintiff's allegations that GHI made materially misleading statements are patently implausible.  On this motion, the Court may review the SPD and SBC – the documents that contain the allegedly misleading statements – and conclude as a matter of law that no reasonable plan member would possibly understand that the GHI Plan provided reimbursement for out-of-network services at levels close to their full cost.  *See* GHI Br. at 16-23; *see also Eidelman v. Sun Prods. Corp.*, No. 16-cv-3914, 2017 WL 4277187, at *4 (S.D.N.Y. Sept. 25, 2017) (GBL claims may be dismissed at the pleading stage where "a plaintiff's claims as to the impressions that a reasonable consumer might draw are 'patently implausible' or unrealistic") (cited in Pl. Br. at 17).

Plaintiff's opposition brief, like the Complaint itself, fails to identify any specific statement in the SPD or SBC that would have led a reasonable person believe that the reimbursement rates for the particular out-of-network services received by Plaintiff's wife would have been greater than what actually was received.  GHI Br. at 18.  Rather, Plaintiff identifies four false impressions – not based on any specific statements – that the SPD and SBC purportedly conveyed.

None of these impressions are plausible and none are based on, or linked to,

representations that GHI actually made:

- Plaintiff argues that "the Coverage Examples that GHI provided to consumers were false" (Pl. Br. at 18-19) but does not specify anything objectively false about them.  Indeed, there is nothing false.  They simply are examples that "help [members] see how deductibles, co-payments, and co-insurance can add up" and to help members "see, in general, how much financial protection a sample patient might get if they are covered under different plans."  Compl. Exs. B-1 at 6, 7 & B-2 at 7, 8.

- Plaintiff argues that "the 1983 Schedule had not been updated and did not provide reimbursement levels even close to the amounts reflected in the marketing materials" (Pl. Br. at 19), but this fact was neither obscured nor misrepresented.  The SPD expressly informed members that "[t]he rate at which you will be reimbursed for a particular service is contained within the Schedule [and t]hese reimbursement rates were originally based on 1983 procedure allowances."  Compl. Ex. A at 2.

- Plaintiff argues that "the disclaimer that reimbursement amounts 'may be less' than the fee charged by the non-participating provider actually means 'will be substantially less'" (Pl. Br at 19), but neither the SPD nor the SBC promised any particular level of reimbursement, and they specifically advised members that none of the examples should be used "to estimate [members'] actual costs under this plan [because t]he actual care [members] receive will be different."  Compl. Exs. B-1 at 6 & B-2d at 7.

- Plaintiff argues that "additional 'Catastrophic Coverage' was not actually additional, did not provide what is commonly referred to as Catastrophic Coverage, and that GHI's promise to pay '100% of the Catastrophic Allowed Charge' was meaningless because that was simply the same as the normal allowance" (Pl. Br. at 19), but Plaintiff does not actually identify anything false about how GHI described Catastrophic Coverage as one aspect of the GHI Plan.

Plaintiff continues to place undue emphasis on the AOD (Pl. Br. at 16-17),

but as noted above and in GHI's opening brief (GHI Br. at 6-8), the NYAG's

allegations and conclusions included in the AOD are not legal precedent, were

made pursuant to a much less stringent standard applicable only to NYAG

investigations, and carry no weight here.  No *reasonable* person – as opposed to

the least sophisticated, most credulous person the NYAG is charged with

protecting – would be misled in the ways alleged in the Complaint and the GBL

claims should be dismissed.[3]

## III.   THE UNJUST ENRICHMENT CLAIM INDEPENDENTLY FAILS.

### A.    The Certificate Of Insurance Is A Valid Contract That Governs The Relationship Between GHI And Plaintiff.

The Certificate of Insurance is a valid contract that governs the subject

matter of this dispute.  The existence of that contract requires dismissal of the

unjust enrichment claim.  *Statler v. Dell, Inc.*, 775 F. Supp. 2d 474, 485 (E.D.N.Y.

2011) ("Where a valid contract governs the subject matter in a lawsuit, a plaintiff

may not recover in quasi-contract, and it is appropriate to dismiss a claim for

unjust enrichment."); *Lomma v. Ohio Nat'l Life Assur. Corp.*, No. 16-cv-2396,

2017 U.S. Dist. LEXIS 144227, at *51 (M.D. Pa. Sept. 6, 2017) (Mariani, J.)

("Because it is undisputed that the relationship between the parties is governed by

an express written contract, Plaintiffs' claims for unjust enrichment . . . must

necessarily fail.").

---

[3]   For the same reasons, the fourth claim for relief for alleged violation of Insurance Law § 4226 should be dismissed.

That Plaintiff is not a party to the contract is of no consequence.  Plaintiff is a third-party beneficiary of the contract negotiated by the City and GHI, and the relationship between Plaintiff and GHI is governed by the terms of that contract. Plaintiff has received benefits under the GHI Plan, as reimbursement for out-of-network services, pursuant to the terms and conditions of the Certificate of Insurance.  If Plaintiff believed that any of the terms of the contract were breached, including that he did not receive the correct amount of reimbursement, there can be no serious dispute that he would have standing to assert a cause of action against GHI for breach of contract.  Tellingly, Plaintiff has not done this because no terms of the contract actually have been breached.  Plaintiff cannot pursue an alternative quasi-contractual theory with respect to payment of out-of-network benefits given that the Certificate of Insurance governs both the subject matter of the dispute and the relationship between GHI and Plaintiff.  *See Nat'l Westminster Bank plc v. Grant Prideco, Inc.*, 261 F. Supp. 2d 265, 275 (S.D.N.Y. 2003) (third-party beneficiary to trade finance contract could not pursue an unjust enrichment claim where the contract governed the subject matter of the claim).  The unjust enrichment claim should be dismissed.

**B.    The Unjust Enrichment Claim Is Duplicative Of The GBL and Insurance Law Claims.**

The unjust enrichment claim is based on the same set of operative facts and alleged conduct as the other causes of action (*i.e.*, that GHI provided purportedly

misleading information about the scope of coverage) and should be dismissed as entirely duplicative of those claims.  GHI Br. at 25-26.

Plaintiff ignores the New York Court of Appeals' limitation on unjust enrichment claims to situations "in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012).  The entire Complaint focuses on allegations of wrongdoing (however baseless) – accusing GHI of misleading its members – and squarely fits within the Court of Appeals' definition of a duplicative claim.

Plaintiff's attempts to explain how the unjust enrichment claim is not duplicative make no sense.  *See Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 679 (S.D.N.Y. 2017) ("[E]ven if pleaded in the alternative, claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action.").  Plaintiff first suggests that "[a] jury could find that GHI's marketing materials were not sufficiently deceptive to sustain a GBL claim, but that it would be inequitable for GHI to retain profits from policies when it never even sent the terms to policyholders."  Pl. Br. at 25.  This explanation is implausible because the simple failure to send terms to policyholders would not render it inequitable for GHI to retain the premium payments received for insurance coverage that it

provided to Plaintiff.  The entire crux of Plaintiff's unjust enrichment claim is that it would be inequitable for GHI to retain premiums paid for a policy that turned out to be different from what Plaintiff alleges GHI had represented, not that GHI failed to deliver the actual terms of the plan.  *See* Compl. ¶¶ 12, 31-38, 49-54.

Plaintiff also argues that "a jury could adopt GHI's argument that its conduct was not consumer-oriented while nonetheless determining that it would be inequitable to permit GHI to profit from its deceptive conduct."  Pl. Br. at 25.  But GHI's argument with respect to consumer-oriented conduct hinges on the contractual relationship that governs the dispute.  *See* Section III.A, *supra*.  If GHI's argument on that point succeeds (and it should), that provides additional support for GHI's argument the unjust enrichment claim is duplicative of a conventional contract claim and should be dismissed.

## C.    The Complaint Fails To State A Claim For Unjust Enrichment.

It bears emphasis that Plaintiff must allege circumstances that create, in fairness and equity, an obligation running to him from GHI.  *See* GHI Br. at 26-28. Plaintiff's theory is that GHI's alleged unjust enrichment took the form of the premiums, and the circumstance that creates an equitable obligation to return the premiums is the limitation on reimbursement for out-of-network services.

But Plaintiff undisputedly knew of those limitations for more than a decade, obtained partial reimbursement for such services more than 500 times, and, eyes

wide open, decided every time to continue to re-enroll in the GHI Plan.  Plaintiff's

contention that equity would impose an obligation on GHI to return the premiums

paid by the City to secure insurance coverage for Plaintiff and his family is beyond

implausible.  Contrary to Plaintiff's assertion (Pl. Br. at 27-28), courts can (and do)

decide at the pleading stage that a complaint fails to allege that equity and good

conscience require restitution.  *See, e.g.*, *Howard v. Gap, Inc.,* No. 06-civ-06773,

2007 WL 164322, at *4 (N.D. Cal. Jan. 19, 2007) (dismissing unjust enrichment

claim under New York law because equity and good conscience did not demand

that plaintiff receive restitution); *see also Groh v. Halloran*, 86 A.D.2d 35, 37-39

(N.Y. App. Div. 1982).

Additionally, the Complaint fails to state that the premiums paid to GHI

were at Plaintiff's expense.  *See* GHI Br. at 26-28.  The City made the premium

payments to GHI, and Plaintiff did not possess a property interest in those

payments simply because he was entitled to select a health insurance plan as a

benefit of his employment.  Pl. Br. at 26-27.  If Plaintiff elected not to choose one

of the plans negotiated by and offered through the City, he would not have been

able to otherwise direct funds from the City to a different plan or to receive the

funds that the City paid to GHI as a premium.[4]

---

[4]   To the extent the unjust enrichment claim is based upon moneys allegedly paid
for the so-called "Optional Enhanced Out-of-Network Rider" (Pl. Br. at 26;

## IV.   THE CLASS CLAIMS FAIL.

Once Plaintiff's claims are dismissed, dismissal of the class claims must follow. *See Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 263 F.R.D. 205, 210-11 (E.D. Pa. 2009) ("[W]hen the named plaintiff lacks a cause of action, the Court should dismiss the action before proceeding to class certification."); *In re Flonase Antitrust Litig.*, 610 F. Supp. 2d 409, 414 (E.D. Pa. 2009) (same).

Even if any of Plaintiff's individual claims survive (and they should not), Plaintiff does not actually dispute that the putative class definition as "[a]ll persons who were members of [the GHI Plan] from 2011 to 2015" (Compl. ¶ 42) is untenable on its face because the putative class includes a substantial subset of individuals with time-barred claims and includes members with no standing because they never received out-of-network benefits. *See* GHI Br. at 28-29. Where class claims are implausible on their face, and the class allegations fail a matter of law, as they do here, "it is proper for the Court to address it at the pleading stage." *Berk v. J.P. Morgan Chase Bank, N.A.*, No. 11-cv-2715, 2011 WL 4467746, at *8 (E.D. Pa. Sept. 26, 2011).

---

Compl. ¶¶ 13, 51), the claim still fails for all of the reasons discussed in Sections I.C, III.A and III.B, *supra*.

## V.  THE PRAYER FOR ENHANCED DAMAGES SHOULD BE STRICKEN.

Plaintiff fails to point to a single non-conclusory allegation in the Complaint that supports an inference that GHI's purported violations were willful or knowing – the state of mind required to support a penalty under Insurance Law § 4226 or treble damages under the GBL.  *See* GHI Br. at 29-30.  Plaintiff instead argues that GHI's motion is premature.  But courts can (and do) strike at the pleading stage requests for enhanced damages where a complaint fails to allege facts that can support such damages.  *See, e.g.*, *Ventus Networks, LLC v. Answerthink, Inc.*, No. 05-cv-10316, 2007 WL 582736, at *3-4 (S.D.N.Y. Feb. 22, 2007) (striking demand for punitive damages where complaint failed to sufficiently allege conduct directed at the public generally, which is required for an award of punitive damages).[5]

---

[5]  The cases Plaintiff cites do not preclude a court from dismissing at the pleading stage requests for enhanced damages that cannot be supported by the allegations of the complaint.  *See Burrell v. State Farm & Cas. Co.*, 226 F. Supp. 2d 427, 440-41 (S.D.N.Y. 2002) (denying motion to strike punitive damages where defendant "has not made any attempt to set forth the applicable standards for punitive damages"); *McCracken v. Verisma Sys., Inc.*, 131 F. Supp. 3d 38, 52-53 (W.D.N.Y. 2015) (without analysis, denying defendant's motion to dismiss request for treble damages).

<u>C<small>ONCLUSION</small></u>

For the foregoing reasons, GHI respectfully requests that the Complaint be dismissed in its entirety.

Dated: December 8, 2017

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP  By: */s/Peter H. LeVan, Jr.*
John Gleeson\*         Peter H. LeVan, Jr.
Maura K. Monaghan\*       LeVAN LAW GROUP LLC
Jared I. Kagan\*         plevan@levanlawgroup.com
Eric W. Shannon\*        One Logan Square
 jgleeson@debevoise.com    18th & Cherry Streets
 mkmonaghan@debevoise.com  Philadelphia, PA 19103
 jikagan@debevoise.com    (215) 561-1500
 ewshannon@debevoise.com
919 Third Avenue
New York, NY 10022
(212) 909-6000

\* admitted *pro hac vice*     *Attorneys for Defendant*
             *Group Health Incorporated*

21

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 7.8</u>

I hereby certify that the foregoing *Reply Memorandum of Law in Support of Defendant Group Health Incorporated's Motion to Dismiss the Complaint for Failure to State a Claim Upon Which Relief Can Be Granted* contains 4,986 words, exclusive of the Table of Authorities, Table of Contents, signature block and certificates, as determined by the word count feature of Microsoft Word, the word processing system used to prepare this document.

By:  <u>*/s/ Peter H. LeVan, Jr.*</u>
     Peter H. LeVan, Jr.