# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| STEVEN PLAVIN, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | 3:17-cv-01462 (Hon. Robert D. Mariani) |
| v. ) ) | |
| GROUP HEALTH INCORPORATED, ) ) | |
| Defendant. ) ) ) | |

## JOINT CASE MANAGEMENT PLAN

Having complied with the meet and confer requirements set forth in the Local Rules, or with any orders specifically modifying their application in the above-captioned matter, Plaintiff Steven Plavin ("Plaintiff") and Defendant Group Health Incorporated ("GHI" or "Defendant") (Plaintiff and Defendant referred to collectively as the "Parties") hereby submit the following Joint Case Management Plan.

1.  **Principal Issues**

    1.1    Separately for each party, please give a statement summarizing this case:
           By plaintiff(s):

    GHI offered a health insurance plan to City of New York employees and retirees.
    GHI misled these consumers such as Plaintiff about the scope of out-of-network
    coverage under its plan. In particular, GHI failed to explain the limitations of its
    coverage, or that reimbursement rates for virtually every out-of-network service
    would be just a fraction of the actual cost of that service, meaning that members
    were likely to incur substantial out-of-pocket costs. GHI also concealed its
    reimbursement schedule, which was based in large part on static rates for medical
    services set in 1983.

    GHI's conduct caught the attention of the New York Attorney General, which
    investigated these unfair business practices and made findings of repeated
    violations of the law in an Assurance of Discontinuance GHI entered into in 2014.
    As the AG recognized and as this case alleges, GHI's conduct violated New York
    General Business Law Sections 349 and 350, which protect consumers from
    deceptive business practices and false advertising. This case also alleges that
    GHI's conduct violates New York Insurance Law Section 4226, which similarly
    creates liability for insurers' deceptive advertising. Finally, this case alleges that
    GHI has been unjustly enriched as a result of its misconduct.

    Plaintiff and other City employees and retirees suffered damages as a result of
    GHI's misconduct. They directed the City to pay to GHI insurance premiums on
    their behalf, and also directly paid GHI for an (illusory) optional Rider that
    purported to cover more out-of-network costs than under the regular plan. They
    suffered additional financial consequences when GHI paid just a fraction of the
    costs incurred for out-of-network medical services.


           By defendant:

    Plaintiff has been a member of GHI's Comprehensive Benefits Plan for City of
    New York employees and retirees ("the GHI Plan") since 1984. The GHI Plan, the
    terms of which the Complaint alleges have not changed substantially since 1983,
    provides members with reimbursement for healthcare services obtained from out-
    of-network providers. Plaintiff has been a member of the GHI Plan since he began

his employment with the City in 1984, has continually re-enrolled in the GHI Plan, and remains enrolled to this day.

Beginning no later than 2004, Plaintiff and dependent family members covered by the GHI Plan sought and received reimbursement for more than 500 out-of-network claims and was aware of the level of reimbursement provided under the GHI Plan.  Plaintiff now purports to represent a putative class of individuals who allegedly were "deceived" by two marketing documents – the Summary Program Description ("SPD") and Summary of Benefits & Coverage ("SBC") – with respect to the level of reimbursement provided under the GHI Plan.

On October 6, 2017, GHI filed a motion to dismiss the Complaint in its entirety (ECF No. 31); no answer has yet been filed.  The Complaint is entirely time barred by the applicable statutes of limitations – three years for the N.Y. GBL §§ 349, 350 and N.Y. Insurance Law § 4226 claims, and six years for the unjust enrichment claim.  The claims also fail on the merits.  Among the other reasons described in GHI's motion to dismiss, the claims fail because no reasonable person would have been misled into believing – as the Complaint alleges – that the GHI Plan provided full, or anywhere close to full, reimbursement for out-of-network services.  The SPD and SBC expressly state, among other things, that they do not constitute the full plan, that reimbursement "may be less than the fee charged by the non-participating provider," and that "[t]he subscriber is responsible for any difference between the fee charged and the reimbursement."  Plaintiff relies on a three-year-old Assurance of Discontinuance with the NYAG, but ignores that GHI did not admit any liability and the NYAG's "findings" in this context were made under a standard that renders them insufficient in this context.

The claims of the putative class also fail not only because Plaintiff himself has no viable claim, but also because the putative class includes a substantial subset of individuals with time-barred claims and individuals with no standing (those who never received out-of-network benefits).

   1.2 The facts the parties dispute are as follows:

   -   Whether the GHI Plan and associated documents accurately described out-of-network reimbursement.

   -   The adequacy of GHI's disclosures concerning reimbursement for out-of-network services.

- Whether GHI sent Plan Members a copy of the GHI Plan or the Certificate of Insurance.

- Whether GHI made available on its website or sent to Plan Members the 1983 fee schedule.

- The number of out-of-network claims since 2004 for which Plaintiff and/or dependent family members covered by the GHI Plan received partial reimbursement.

The facts the parties agree upon are as follows:

- Plaintiff has enrolled in the GHI Plan on an annual or biennial basis since 1984.

- The GHI Plan was negotiated between GHI and the City of New York Office of Labor Relations on behalf of City employees and retirees.

- As a result of the 2014 Assurance of Discontinuance GHI entered into with the New York Attorney General's Office, GHI changed language of its marketing materials to City employees and retirees.

- Plaintiff and/or dependent family members covered by the GHI Plan have received reimbursement for portions of out-of-network claims.

1.3   The legal issues the parties dispute are as follows:

- Accrual of statute of limitations on all claims

- Import of Plaintiff's out-of-network claims history

- Scope of New York's consumer protection law

- Whether a reasonable consumer would find GHI's advertisements misleading

- Existence and enforceability of contract

- Availability of unjust enrichment

4

- Nature and scope of enhanced damages

- Plausibility of the putative class

    The legal issues the parties <u>agree</u> upon are as follows:

- GBL claims are governed by an objective reasonable consumer standard


1.4   Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

    None

1.5   Identify any named parties that have not yet been served:

    None

1.6   Identify any additional parties that:

    plaintiff(s) intends to join: None at this time

    defendant(s) intends to join: None at this time


1.7   Identify any additional claims that:

    plaintiff(s) intends to add: None at this time

    defendant(s) intends to add: None at this time


## 2.0 Disclosures

    The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

    2.1   Separately for each party, list by name and title/position each person whose identity has been disclosed.

Disclosed by Plaintiff                :

        Name                 Title/Position

    Steven Plavin  .         Plaintiff        .

             .             .

             .             .

             .             .

Disclosed by                :

        Name                 Title/Position

             .             .

             .             .

             .             .

             .             .

**3.0 Early Motions**

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Motion to dismiss | Defendant | Fully briefed |
| Motion to stay discovery | Defendant | January 2018 |

**4.0 Discovery**

4.1    Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s): Plaintiff served his first request for production of documents on December 20, 2017.

By defendant(s): None.

4.2    Describe any <u>discovery</u> that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

- Plaintiff will seek the production of documents and things relating to (i) GHI's advertising decisions with respect to the GHI Plan; (ii) GHI's marketing of the GHI Plan to insureds, including but not limited to the Summary Program Description ("SPD") and Summary of Benefits & Coverage ("SBC"); (iii) GHI's marketing of Catastrophic Coverage as well as the Enhanced Out-of-Network Rider ("Enhanced OON Rider") to insureds; (iv) GHI's alleged concealment of, any updates to, and any requests by insureds and/or dependents for access to the 1983 fee schedule (also known as the "NYC Non-Participating Provider Schedule"); (v) GHI's alleged misrepresentation of the reimbursement rates for out-of-network services; (vi) GHI's policies and practices regarding payment or reimbursement of insureds' (and/or dependents') out-of-network claims (vii) the number of insureds and dependents enrolled in the GHI Plan annually during the Class Period; (viii) for each year during the Class Period, the number and dollar value of out-of-network claims submitted by insureds and/or dependents, and paid or denied by GHI; and (ix) for each year during the Class Period, the number of GHI insureds who selected the Enhanced OON Rider and the total amount of money collected by GHI from payments by insureds for the Enhanced OON Rider. Plaintiff seeks discovery in these areas to learn about GHI's practices and policies regarding out-of-network reimbursements, GHI's decision to market the GHI Plan in the manner it did during the Class Period, and GHI's administration of the GHI Plan during the Class Period. Plaintiff also seeks discovery in these areas to determine the impact of GHI's conduct

on insureds.

-   Plaintiff will seek the production of documents and things GHI
    produced to the New York Attorney General in the course of the
    Attorney General's investigation that culminated in the 2014
    Assurance of Discontinuance.

-   Plaintiff intends to depose the corporate officers and employees to
    be identified in Defendant's Rule 26 disclosures, on the above-
    mentioned subjects, and additional third parties depending on
    what discovery reveals, on the above-mentioned subjects.

-   Plaintiff will seek discovery through interrogatories and requests
    for admission.

-   Defendant will seek the production of documents and things
    relating to (i) Plaintiff's (and any family members covered by
    Plaintiff's GHI Plan) enrollment or participation in any GHI
    insurance plan; (ii) communications between Plaintiff (and any
    family members covered by Plaintiff's GHI Plan) and GHI
    (including but not limited to marketing materials received,
    explanations of benefits ("EOBs") for services obtained, etc.);
    (iii) the 2014 Assurance of Discontinuance; and (iv) to the extent
    not covered by the above categories, communications involving
    Plaintiff concerning out-of-network reimbursement under the GHI
    Plan.  Defendant seeks discovery in these areas to learn about
    Plaintiff's selection of the GHI Plan and Plaintiff's awareness of
    reimbursement provided under the GHI Plan.

-   Defendant intends to depose the Plaintiff, and additional third
    parties depending on what discovery reveals, on the above-
    described subjects.

-   Defendants will seek discovery through interrogatories and
    requests for admission.

-   The parties reserve the right to seek additional discovery based
    upon information revealed during the course of discovery. The
    parties also reserve the right to object on any ground to specific
    requests for discovery.

4.3     Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

4.4     Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

At the Case Management Conference currently scheduled for January 5, 2018, or by formal motion, Defendant expects to seek a stay of all discovery pending the Court's disposition on Defendant's Motion to Dismiss. ECF No. 31. In the alternative, Defendant will request that reasonable limitations be placed on discovery while the motion to dismiss remains pending. Plaintiff objects and intends to oppose any request made by Defendant at the Case Management conference or by way of motion to stay discovery.

4.5     For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits . . . . . . recommended by plaintiff(s) and by defendant(s)):
The parties recommend the following limits, subject to later modification by stipulation or court order on an appropriate showing:
- 4.5.1 Each side may take 10 depositions (excluding experts).
- 4.5.2 Each side may serve 25 interrogatories.
- 4.5.3 Each side may serve 50 document production requests.
- 4.5.4 Each side may serve 50 requests for admission.

4.6     Discovery of Electronically Stored Information

☐  Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

The Parties have conferred about the matters addressed in M.D. Pa. LR 26.1 and are currently working on an Electronically Stored Information ("ESI") Discovery Stipulation, which will govern the production of electronically stored information

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**5.0    Protective Order**

5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

The Parties are working together to submit a mutually agreeable protective order. The Parties will endeavor to submit the proposed order to the Court in advance of the January 5, 2018 conference with the Court.

5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**6.0    Scheduling**

|  | **Plaintiff's Proposal** | **Defendant's Proposal** |
|---|---|---|
| **6.1 Final date for joining additional parties:** | April 4, 2018 | 4 months after a decision on the Motion to Dismiss |
| **6.2 Final date for amending pleadings:** | 90 days before the close of fact discovery | 90 days before the close of fact discovery |
| **6.3 All fact discovery commenced in time to be completed by:** | June 28, 2018 | 7 months after a decision on the Motion to Dismiss |
| **6.4 All potentially dispositive motions should be filed by:** | September 28, 2018. This deadline includes Plaintiff's motion for class certification and any summary judgment motions. | 13 months after a decision on the Motion to Dismiss. Plaintiff's motion for class certification shall be due 10 months after a decision on the Motion to Dismiss. |

|  | **Plaintiff's Proposal** | **Defendant's Proposal** |
|---|---|---|
|  |  | Motions for summary judgment shall be due 13 months after a decision on the Motion to Dismiss. |
| **6.5 Reports from retained experts due:** | Both parties will disclose experts and serve opening expert reports on or before July 20, 2018, with rebuttal reports due August 3, 2018. | Both parties will disclose experts and serve opening expert reports on or before 8 months after a decision on the Motion to Dismiss, with rebuttal reports due 9 months after a decision on the Motion to Dismiss. |
| **6.7 All expert discovery commenced in time to be completed by:** | August 31, 2018 | 10 months after a decision on the Motion to Dismiss. |
| **6.8 This case may be appropriate for trial in approximately:** | January 2019 | 16 months after a decision on the Motion to Dismiss. |
| **6.9 Suggested date for the final pre-trial conference:** | December 2018 | 15 months after a decision on the Motion to Dismiss. |
| **6.10.1 Suggested date for trial:** | January 2019 | 16 months after a decision on the motion to dismiss. |

**7.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.


  Steven Plavin                                .
Name

  Plaintiff                                                 .
Title

  c/o Arun Subramanian (counsel)         .

  1301 Avenue of the Americas, 32nd Floor, New York, NY 10019.
Address


(212) 471- 8346                         Daytime Telephone


 Carlos Manalansan                         .
Name

Vice President and Assistant General Counsel of Emblem Health    .
Title

 c/o John Gleeson (counsel)                         .

 919  Third  Avenue,  New  York,  New  York  10022                         .
Address


( 212  ) 909  - 7281                         Daytime Telephone


## 8.0    Alternative Dispute Resolution ("ADR")

8.1    Identify any ADR procedure to which this case already has been assigned or
       which the parties have agreed to use.

       The parties believe it is too early in the case to consider the use of ADR. The
       parties will revisit the issue as the case proceeds.

       ADR procedure                                                 .

       Date ADR to be commenced                         .
       Date ADR to be completed    _____.

8.2     If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

8.3     If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9.0     Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: No
If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

        ____Scranton/Wilkes-Barre

        ____Harrisburg

**10.0     Other Matters**
Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

The parties have agreed to accept service of all pleadings, discovery requests, and other filings via electronic mail to counsel.

**11.0     Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

| Lead Counsel for Plaintiff: | Lead Counsel for Defendant: |
|---|---|
| William Christopher Carmody<br>Susman Godfrey LLP<br>1301 Avenue of the Americas<br>32nd Floor<br>New York, New York 10019<br>(212) 336-8330 | John Gleeson<br>Debevoise & Plimpton LLP<br>919 Third Avenue<br>New York, New York 10022<br>(212) 909-7281 |

Dated:  12/29/2017        _/s/ William Christopher Carmody_   .
                                   Attorney(s) for Plaintiff(s)
                                   ☐  ECF User(s)
                                   ☐  Waiver requested (as separate document)
                                   ☐  Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated: 12/29/2017        _/s/ John Gleeson_                   .
                                   Attorneys(s) for Defendant(s)
                                   ☐  ECF User(s)
                                   ☐  Waiver requested (as separate document)
                                   ☐  Fed.R.Civ.P.7.1 (statement filed if necessary)*


* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.