NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2490
_____

STEVEN PLAVIN,

                        Appellant

v.

GROUP HEALTH INCORPORATED
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 3-17-cv-01462)
District Judge: Honorable Robert D. Mariani
_____

Argued on March 15, 2019

Before: MCKEE, ROTH and FUENTES, <u>Circuit Judges</u>

(Opinion filed: May 21, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

William C. Carmody
Nicholas C. Carullo
Arun S. Subramanian
Susman Godfrey
1301 Avenue of the Americas
32nd Floor
New York, NY 10019

Halley W. Josephs                    (**ARGUED**)
Susman Godfrey
1900 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067

Michael F. Cosgrove
J. Timothy Hinton, Jr.
Haggerty Hinton & Cosgrove
1401 Monroe Avenue
Suite 2
Dunmore, PA 18509

                Counsel for Appellant

John Gleeson                         (**ARGUED**)
Anna R. Gressel
Jared I. Kagan
Maura K. Monaghan
Debevoise & Plimpton
919 Third Avenue
New York, NY 10022

Peter H. LeVan, Jr.
LeVan Muhic Stapleton
1650 Market Street
One Liberty Place, Suite 3600
Philadelphia, PA 19103

                Counsel for Appellee

ROTH, Circuit Judge

Steven Plavin brought this putative class action against Group Health Incorporated (GHI), alleging that GHI made misleading statements about reimbursement for out-of-network services under its Comprehensive Benefits Plan (Plan). Plavin asserted claims under New York's General Business Law (GBL) and Insurance Law and for unjust enrichment.

A plaintiff bringing a GBL claim must establish, among other things, that the conduct was "consumer-oriented."[1] We certified the question of whether GHI's conduct was consumer-oriented to the New York Court of Appeals.[2] The Court of Appeals answered that it was consumer-oriented.[3] We then asked the parties to brief what issues remained. We now dispose of those issues. We hold that Plavin has adequately stated (1) the other elements of a GBL claim; (2) a claim under New York's Insurance Law; and (3) an unjust enrichment claim. We also reject GHI's statute of limitations argument.

I.[4]

New York City offers its employees and retirees eleven health insurance plans, including the Plan in this case. GHI provides the Plan pursuant to a contract between it and the City. The City pays for the Plan, and members do not pay out-of-pocket premiums.

---

[1] *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 744 (N.Y. 1995).
[2] *Plavin v. Grp. Health Inc.*, No. 18-2490, 2019 WL 1965741 (3d Cir. Apr. 4, 2019).
[3] *Plavin v. Grp. Health Inc.*, 146 N.E.3d 1164 (N.Y. 2020).
[4] Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case.

Plavin's claims focus on GHI's Summary Program Description and Summary of Benefits & Coverage. In the Summary Program Description, GHI explains that it provides coverage for non-participating providers and that reimbursement for these services is made "under the NYC Non-Participating Provider Schedule of Allowable Charges (Schedule)."[5] Plavin alleges that GHI never sent him the Schedule. The Summary Program Description also states that reimbursement levels "may be less" than what the providers charge and that the participant is responsible for the difference. The Summary of Benefits & Coverage provides coverage examples, but also states that "[t]his is not a cost estimator" and cautions that costs will be different. It provides the following out-of-network example: "[I]f an out-of-network hospital charges $1,500 for an overnight stay and the allowed amount is $1,000, you may have to pay the $500 difference" (the 66% reimbursement example).[6]

GHI also offers an "Optional Rider" and catastrophic coverage. GHI describes the relevant part of the rider as follows: "Enhanced schedule for certain services increases the reimbursement of the basic program's non-participating provider fee schedule, on average, by 75%."[7] Plavin paid for the rider. Participants are eligible for "catastrophic coverage" if they "choose non-participating providers for predominantly in-hospital care and incur $1,500 or more in covered expenses."[8]

---

[5] Appx. 82.
[6] Appx. 86 (emphasis omitted).
[7] Appx. 82.
[8] *Id.*

Plavin's wife received medical services in 2013 and 2014 that GHI deemed out-of-network. Plavin asserts that that he believed, based on GHI's marketing materials, that he would be reimbursed for a higher percentage of these services. But, he alleges, he was only reimbursed for a "fraction" of what he paid. The latest date that GHI reimbursed Plavin for services was February 2015.

II.

Our review of the District Court's decision is plenary.[9] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] A plaintiff states a claim "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

III.[12]

To state a GBL claim, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice."[13] We must now determine whether Plavin has adequately pleaded that the statements are materially misleading. A

---

[9] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[11] *Id.* (citing *Twombly*, 550 U.S. at 556).
[12] We have jurisdiction under 28 U.S.C. § 1291.
[13] *Koch v. Acker, Merrall & Condit Co.*, 967 N.E.2d 675, 675 (N.Y. 2012) (quoting *City of N.Y. v. Smokes-Spirits.Com, Inc.*, 911 N.E.2d 834 (N.Y. 2009)).

statement is materially misleading if it is "likely to mislead a reasonable consumer acting reasonably under the circumstances."[14]

Plavin alleges that the following statements were deceptive: (1) the coverage examples, specifically the 66% reimbursement example; (2) GHI's description of the Schedule; (3) reimbursement amounts "may be less" than the fee charged when in fact they would always be less; (4) the description of the optional rider, because it did not disclose that it excluded all out-patient out-of-network services; and (5) the description of catastrophic coverage, because the coverage was not actually additional.

Plavin has adequately pleaded materially misleading statements. The thrust of Plavin's complaint is that, while technically accurate, the marketing materials painted a misleading picture of the Plan's out-of-network benefits. The New York Court of Appeals held in *Gaidon v. Guardian Life Insurance Co. of America*[15] that similar statements could be materially misleading. In *Gaidon*, the plaintiffs alleged that the defendant "lured" them into purchasing insurance policies through misleading projections about future premium payments.[16] Even though the defendant also told plaintiffs that the projections were not guarantees, the court held that the plaintiffs stated a GBL claim.[17] The allegations here are analogous.

GHI responds that nothing in the marketing materials was false. It argues that the materials explain how the Plan works and the examples were for illustration purposes

---

[14] *Oswego*, 647 N.E.2d at 745.
[15] 725 N.E.2d 598 (N.Y. 1999).
[16] *Id.* at 604.
[17] *Id.* at 604–06.

6

only. The question, however, is "not whether, as a matter of law, reasonable consumers would be misled in a material way, but whether that prospect is enough to . . . state a claim."[18] Plavin's allegations are sufficient raise that prospect. For example, Plavin alleges that GHI's statement that reimbursement under the Schedule "may be less than the fee charged by the non-participating provider" was misleading because GHI knew that reimbursement amounts would always be significantly less than the fee charged. GHI has not shown that it would be "patently implausible" for a reasonable consumer to believe that they would be reimbursed at a higher percentage for out-of-network services.[19] The District Court erred in dismissing the GBL claims at this stage, especially given the fact-based reasonableness standard.[20]

Finally, Plavin adequately alleges that he suffered an injury, the third element of a GBL claim. Plavin claims that he was injured because GHI did not provide the amount of reimbursement for out-of-network services that he anticipated based on GHI's marketing materials. This is enough to state the injury element.[21] And GHI does not dispute that Plavin has sufficiently alleged this element.

IV.

---

[18] *Id.* at 604.
[19] *Eidelman v. Sun Prods. Corp.*, No. 16-3914, 2017 WL 4277187, at *4 (S.D.N.Y. Sept. 25, 2017).
[20] *Buonasera v. Honest Co.*, 208 F. Supp. 3d 555, 566 (S.D.N.Y. 2016) ("Courts have generally held that since this second factor requires a reasonableness analysis, it cannot be resolved on a motion to dismiss.").
[21] *See, e.g.*, *Orlander v. Staples, Inc.*, 802 F.3d 289, 302 (2d Cir. 2015) (holding plaintiff stated injury because he purchased a computer protection plan "but did not receive the services that Defendant misleadingly told Plaintiff he was purchasing").

The District Court dismissed Plavin's Insurance Law claim because Plavin failed to plead material misrepresentations and scienter. As discussed above, we hold that Plavin has sufficiently alleged material misrepresentations.[22] We also hold that the District Court erred in requiring that Plavin plead scienter.

New York's Insurance Law prohibits an insurer from issuing any "statement . . . misrepresenting the terms, benefits or advantages of any of its policies or contracts."[23] Insurers can be held liable if they "knowingly" violate this provision.[24] The District Court incorrectly interpreted "knowingly" to mean acting with "nefarious intent."[25] In *Russo v. Massachusetts Mutual Life Insurance Co.*, the court held that "no proof of fraudulent intent is required to sustain an Insurance Law § 4226 violation."[26] Knowledge, not "nefarious intent," is an element of this claim. Here, Plavin alleges that GHI knowingly made material misrepresentations about the Plan. That allegation is enough to plead knowledge.

V.

The District Court dismissed Plavin's unjust enrichment claim because the contract between the City and GHI covered the subject matter of the dispute. If there is a

---

[22] *See supra* section III.
[23] N.Y. Ins. Law § 4226(a)(1).
[24] *Id.* § 4226(d).
[25] Appx. 34.
[26] 711 N.Y.S.2d 254, 256 (N.Y. App. Div. 2000), *rev'd sub nom. on other grounds by Gaidon v. Guardian Life Ins. Co. of Am.*, 725 N.E.2d 598 (N.Y. 2001). GHI points for support to *Cilente v. Phoenix Life Insurance Co.*, 21 N.Y.S.3d 236 (N.Y. App. Div. 2015). Unlike *Cilente*, however, this case is not at summary judgment and the complaint does not suggest or allege that GHI's conduct was "inadvertent." *Id.* at 238.

valid contract that governs the subject matter of the dispute, a plaintiff ordinarily cannot recover under an unjust enrichment theory.[27] But here, the parties did not submit the contract to the District Court. Thus, we do not know if the contract governs the subject matter of the dispute. It was therefore premature at this stage to dismiss the unjust enrichment claim because of this contract.[28]

GHI argues that this claim fails because it is duplicative of the statutory claims. It is true that an unjust enrichment claim is "not available where it simply duplicates" other claims.[29] At this stage, and assuming Plavin's well-pleaded facts to be true, that does not appear to be the case. Plavin alleges, among other things, that GHI was unjustly enriched by its failure to communicate the Plan's terms, regardless of whether the marketing materials were deceptive. Although it is possible that these facts will not ultimately sustain an unjust enrichment claim, it is enough to survive a motion to dismiss.[30]

GHI also argues that any benefit it received was not conferred at Plavin's expense because the City paid all of the premiums. But the complaint alleges that Plavin paid GHI for the optional rider. This is indisputably a payment at his expense.[31]

## VI.

---

[27] *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 516 N.E.2d 190, 193 (N.Y. 1987).
[28] *See, e.g.*, *Nat'l Convention Servs., L.L.C. v. Applied Underwriters Captive Risk Assur. Co., Inc.*, 239 F. Supp. 3d 761, 794–95 (S.D.N.Y. 2017) ("Because the scope of the contractual obligations and further factual developments regarding the conduct of the parties have yet to be determined, dismissing the plaintiffs' unjust enrichment claim at this stage would be premature." (internal quotation marks omitted)).
[29] *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012).
[30] *Cf. id.* (dismissing unjust enrichment claim because it was duplicative of other claims).
[31] We do not address whether Plavin directing the City to pay premiums is a benefit conferred at his expense.

Finally, we reject GHI's argument that the complaint is time-barred. Unjust enrichment claims have a six-year limitations period.[32] GBL and Insurance Law claims have a three-year limitations period.[33] GBL claims must be brought within three years of when a plaintiff is "injured by the actions alleged to have violated the Statute."[34] Where "the gravamen of the complaints of General Business Law § 349 violations was not false guarantees of policy terms, but deceptive practices inducing unrealistic expectations . . . plaintiffs suffered no measurable damage until the point in time when those expectations were actually not met."[35]

Here, Plavin alleges that his expectations were not met when he received less reimbursement than he anticipated for out-of-network services. GHI allegedly reimbursed Plavin in February 2015, and Plavin filed the complaint in August 2017, less than three years later. Thus, the complaint is not time-barred.

GHI submitted a declaration in the District Court stating that GHI has reimbursed Plavin for out-of-network services since 2004. Because of this, GHI argues, his expectations were not met in 2004 and the complaint is time barred. As the District Court properly held, however, the court cannot consider this document now, because it was not "integral to or explicitly relied upon in the complaint."[36]

---

[32] *Sirico v. F.G.G. Prods., Inc.*, 896 N.Y.S.2d 61, 66 (N.Y. App. Div. 2010).
[33] *Gaidon v. Guardian Life Ins. Co. of Am.*, 750 N.E.2d 1078, 1083 (N.Y. 2001) (GBL claims); *Dolce v. Nw. Mut. Life Ins. Co.*, 708 N.Y.S.2d 327, 327 (N.Y. App. Div. 2000) (Insurance Law claims).
[34] *Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451, 461 (S.D.N.Y. 2014).
[35] *Gaidon*, 750 N.E.2d at 1084.
[36] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation and emphasis omitted).

GHI also argues that the complaint pleads allegations outside the three-year limitations period, meaning the entire complaint is time-barred.  It is true that the complaint also alleges that Plavin was reimbursed for out-of-network services outside the three-year limit.  But these were for different medical procedures. Thus, his February 2015 reimbursement is plausibly a "new injur[y]."[37]  Drawing all reasonable inferences in Plavin's favor, the allegation that his expectations were not met in February 2015 is enough to bring the complaint within the statute of limitations.

## VII.

We vacate the District Court's order dismissing the complaint and remand for further proceedings.

---

[37] *Gristede's Foods, Inc. v. Unkechauge Nation*, 532 F. Supp. 2d 439, 453 (E.D.N.Y. 2007).