**SUSMAN GODFREY L.L.P.**
A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6023
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

SUITE 5100
1000 LOUISIANA STREET
HOUSTON, TEXAS 77002-5096
(713) 651-9366

SUITE 1400
1900 AVENUE OF THE STARS
LOS ANGELES, CALIFORNIA 90067-6029
(310) 789-3100

SUITE 3800
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3000
(206) 516-3880

_____

ARUN SUBRAMANIAN
DIRECT DIAL (212) 471-8346

E-MAIL ASUBRAMANIAN@SUSMANGODFREY.COM

June 29, 2021

Hon. Robert D. Mariani
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

      Re:    *Plavin v. Group Health Incorporated*, 3:17-CV-1462

Dear Judge Mariani:

Pursuant to this Court's Order dated June 15, 2021, Steven Plavin, ("Plaintiff"), on behalf of himself and all others similarly situated, together with Defendant Group Health Inc. ("GHI"), respectfully submit this joint letter setting forth the status of this action and listing agreed-upon case management deadlines.

I.    **Status of the Case**

The mandate from the United States Court of Appeals for the Third Circuit issued on June 14, 2021. The Third Circuit held that Plaintiff adequately stated claims for unjust enrichment and under New York's General Business Law and Insurance Law. The Third Circuit also rejected GHI's statute of limitations argument at the pleading stage.

GHI shall file an answer to Plaintiff's putative class action Complaint on or before July 16, 2021. The parties previously exchanged initial disclosures on January 3, 2018 and

June 29, 2021
Page 2

January 4, 2018. Plaintiff served a First Request for Production on December 20, 2018. By order dated January 5, 2018 (ECF No. 52), discovery was stayed, with one exception, pending the disposition of GHI's motion to dismiss. GHI will serve written Responses and Objections to Plaintiff's First Requests for Production on or before by July 30, 2021. The parties participated in the Third Circuit's mediation program on September 3, 2020 but were unable to reach a resolution.

II.  **Case Management Proposal**

With the exception of the dates indicated above, the parties have been unable to agree on the remaining case management dates, and their respective proposals are set forth below:

*Plaintiff's Case Management Proposal*

- Any amendment of the parties' pleadings will be made by July 30, 2021.

- All fact discovery shall be completed by November 19, 2021.

- For the party with the initial burden of proof on the subject matter, opening expert reports shall be served on December 17, 2022. Rebuttal expert reports shall be served on January 21, 2022.

- Expert discovery shall be completed by February 18, 2022.

- Plaintiff's motion for class certification shall be filed on February 18, 2022.

- Dispositive and *Daubert* motions shall be filed on March 7, 2022. All oppositions shall be served and filed on or before March 28, 2022. All replies shall be served and filed on or before April 11, 2022.

- The Court will hold a pre-trial conference on May 23, 2022.  Trial will commence at 9:00 a.m. on May 30, 2022.

  *GHI's Case Management Proposal*

- Any amendment of the parties' pleadings will be made by September 30, 2021.

- All fact discovery shall be completed by April 29, 2022.

- Plaintiff's motion for class certification shall be filed by August 5, 2022.

- Reports for Plaintiff's experts related to class certification shall be filed by June 17, 2022.

- Reports for Defendant's experts related to class certification shall be filed by July 22, 2022.

- Additional expert report deadlines, expert discovery deadlines and supplementations, if any, will be set after the Court rules on Plaintiff's motion for class certification.

- All potentially dispositive motions shall be filed no later than ninety (90) days after the Court's ruling on Plaintiff's class certification motion.

III. **GHI's Request for a Conference**

Pursuant to the Court's June 15, 2021 Order, GHI respectfully requests a telephone conference with the Court to seek leave to file an early motion for summary judgment on the ground that Plaintiff's claims are barred by the relevant statutes of limitations.

June 29, 2021
Page 4

### *Plaintiff's Position on GHI's Request for a Conference*

Plaintiff objects to GHI's request to stay discovery and to file an early motion for summary judgment on GHI's statute of limitations defense. GHI's request is a blatant attempt to avoid litigating the merits of this case after multiple courts of appeals have ruled that the case should proceed. Indeed, on appeal, GHI vigorously argued its statute of limitations defense as an alternative grounds for affirmance. The Third Circuit addressed and rejected those arguments:

> Here, Plavin alleges that his expectations were not met when he received less reimbursement than he anticipated for out-of-network services. GHI allegedly reimbursed Plavin in February 2015, and Plavin filed the complaint in August 2017, less than three years later. Thus, the complaint is not time-barred…. GHI also argues that the complaint pleads allegations outside the three-year limitations period, meaning the entire complaint is time-barred. It is true that the complaint also alleges that Plavin was reimbursed for out-of-network services outside the three-year limit. But these were for different medical procedures. Thus, his February 2015 reimbursement is plausibly a "new injur[y]." Drawing all reasonable inferences in Plavin's favor, the allegation that his expectations were not met in February 2015 is enough to bring the complaint within the statute of limitations.

ECF No. 60-1 at 11. Far from being "efficient and cost-effective," a further stay for GHI to file an untimely summary judgment motion would serve only to delay these proceedings even further, almost four years after the Complaint was initially filed and more than three years after discovery was stayed while the Court's original order on GHI's Motion to Dismiss was on appeal. Plaintiff respectfully requests that the Court deny GHI's requests for a stay and early motion for summary judgment.

### *GHI's Position on Its Request for a Conference*

As argued in GHI's motion to dismiss, Plaintiff and his family received over 500 out-of-network services (and received reimbursement for them) dating back to 2004. GHI believes that

June 29, 2021
Page 5

claims history demonstrates the untimeliness of Plaintiff's claims as a matter of law.  In the Court's June 22, 2018 Memorandum Opinion on GHI's motion to dismiss the complaint, the Court expressed "reservations" as to the timeliness of Plaintiff's claims, but declined to substantively address the limitations issue at the pleading stage because the claims history was "neither integral nor explicitly relied upon in the Complaint."  (ECF No. 55 at 10, 16.)  The Third Circuit did not adjudicate the statute of limitations issue, but simply agreed with this Court that Plaintiff's full claims history could not be considered on a motion to dismiss.  (ECF No. 60-1 at 10).  Because the untimeliness of Plaintiff's claims is potentially case-dispositive, GHI believes that an early resolution of that issue, along with a stay of discovery while the limitations issue is being considered, would best protect the collective interests of the parties and the Court in ensuring that the proceedings are both efficient and cost-effective.

Sincerely,

| | |
|---|---|
| _/s/ Arun Subramanian_ | _/s/ John Gleeson_ |
| Arun Subramanian | John Gleeson |
| **Susman Godfrey LLP** | **Debevoise & Plimpton LLP** |
| 1301 Avenue of the Americas, 32nd Fl. | 919 Third Avenue |
| New York, NY 10019 | New York, NY 10022 |
| Tel.: (212) 336-8330 | Tel.: (212) 909-6000 |
| Fax: (212) 336-8340 | Fax: (212) 909- 6836 |
| | |
| *Attorney for Plaintiff* | *Attorney for Defendant* |