UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
STEVEN PLAVIN, GARY ALTMAN, MICHELLE    :
DAVIS-MATLOCK, and DANIELLE THOMAS, on  :
behalf of themselves and all others similarly situated,   :   Case No. 3:17-cv-01462-RDM
                                        :
                    Plaintiffs,         :
                                        :
             -against-                  :
                                        :
GROUP HEALTH INCORPORATED ,             :
                                        :
                    Defendant.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER OF DEFENDANT GROUP HEALTH INCORPORATED
## TO FIRST AMENDED COMPLAINT

Defendant Group Health Incorporated ("GHI"), by and through its undersigned

counsel, for its Answer to the First Amended[1] Class Action Complaint of Plaintiffs

Steven Plavin, Gary Altman, Michelle Davis-Matlock and Danielle Thomas (the

"Complaint") states as follows:

### NATURE OF THE ACTION

1.  Denied as stated.  To the extent that paragraph 1 of the Complaint purports to

characterize Plaintiffs' claims in this action, no response is required.  To the extent a

response is required, GHI denies the allegations contained in paragraph 1 of the

Complaint, except admits that GHI entered into an Assurance of Discontinuance (the

---

[1]   Defendant Group Health Incorporated consented to the filing of this amended
      complaint, but reserved all other rights, including but not limited to the right to
      dispute the allegations and claims contained in the amended complaint, and whether
      the newly added named plaintiffs are proper plaintiffs.

"AOD") with the Attorney General of the State of New York ("NYAG") in 2014, and respectfully refers the Court to the AOD for its true and complete contents.  GHI specifically denies that Plaintiffs and putative class members are entitled to any relief in connection with any claim set forth in the Complaint.

2.   Admitted in part and denied in part.  GHI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint concerning third-party health plans offered by the City of New York (the "City").  GHI denies the remaining allegations contained in paragraph 2 of the Complaint except admits that the GHI Plan is one of the health plans that the City offers to its employees and retirees, that the GHI Plan is a preferred provider organization (PPO) plan that provides an out-of-network benefit, and that, as of December 2014, the GHI CBP and Senior Care Plan had approximately 933,570 subscribers and their dependents.

3.   Denied.  To the extent paragraph 3 of the Complaint purports to characterize certain documents, no response is required, and GHI respectfully refers the Court to those documents for their true and complete contents.  To the extent a response is required, GHI denies the allegations contained in paragraph 3 of the Complaint.

4.   Denied.  To the extent paragraph 4 of the Complaint purports to characterize Plaintiffs' claims in this action, no response is required.  To the extent a response is required, GHI denies the allegations contained in paragraph 4 of the Complaint.

5.   Admitted in part and denied in part.  To the extent paragraph 5 of the Complaint purports to characterize certain documents, no response is required, and GHI respectfully refers the Court to those documents for their true and complete contents.  To

the extent a response is required, GHI denies the allegations contained in paragraph 5 of the Complaint except admits that, prior to each year's enrollment period, the City distributed a Summary Program Description ("SPD") and online Summary of Benefits & Coverage ("SBC") to City employees and retirees, and that the SBC was made available on GHI's website.

6.   Denied.  To the extent paragraph 6 of the Complaint purports to characterize certain documents, no response is required, and GHI respectfully refers the Court to those documents for their true and complete contents.  To the extent a response is required, GHI denies the allegations contained in paragraph 6 of the Complaint.

7.   Denied.  To the extent paragraph 7 of the complaint purports to characterize certain documents, no response is required, and GHI respectfully refers the Court to those documents for their true and complete contents.  To the extent a response is required, GHI denies the allegations contained in paragraph 7 of the Complaint.

8.   Denied.  To the extent paragraph 8 of the Complaint purports to characterize certain documents, no response is required, and GHI respectfully refers the Court to those documents for their true and complete contents.  To the extent a response is required, GHI denies the allegations contained in paragraph 8 of the Complaint.

9.   Denied.  To the extent paragraph 9 of the Complaint purports to characterize certain documents, no response is required, and GHI respectfully refers the Court to those documents for their true and complete contents.  To the extent a response is required, GHI denies the allegations contained in paragraph 9 of the Complaint.

10.   Denied.  To the extent paragraph 10 of the Complaint purports to characterize

certain documents, no response is required, and GHI respectfully refers the Court to those documents for their true and complete contents. To the extent a response is required, GHI denies the allegations contained in paragraph 10 of the Complaint.

11. Denied as stated. To the extent paragraph 11 of the Complaint purports to characterize certain documents, no response is required, and GHI respectfully refers the Court to those documents for their true and complete contents. To the extent a response is required, GHI denies the allegations contained in paragraph 11 of the Complaint, except admits that out-patient services accounted for 65% of out-of-network charges between 2011 and 2015.

12. Denied as stated. To the extent paragraph 12 of the Complaint purports to describe the relief that Plaintiffs seek in this action, no response is required. To the extent a response is required, GHI denies the allegations contained in paragraph 12 of the Complaint, except admits that in 2013, GHI earned approximately $172,475,000.00 for administering the GHI Plan.

**THE PARTIES**

13. Admitted in part and denied in part. GHI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, except admits that Mr. Plavin is a retired New York City police officer who has been covered by the GHI Plan since 1984, and that Mr. Plavin and his wife are covered under GHI Senior Care with Medicare being their primary coverage, while Mr. Plavin's dependent children are currently covered under the GHI Plan. GHI avers that Mr. Plavin voluntarily re-enrolled in the GHI Plan during each enrollment period since

1984.

14.  Admitted in part and denied in part.  GHI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, except admits that Mr. Altman was a member of, and covered by, the GHI Plan and Enhanced OON Rider during the purported Class Period.

15.  Admitted in part and denied in part.  GHI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, except admits that Ms. Davis-Matlock was a member of, and covered by, the GHI Plan and Enhanced OON Rider during the purported Class Period.

16.  Admitted in part and denied in part.  GHI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, except admits that Ms. Davis-Matlock was a member of, and covered by, the GHI Plan and Enhanced OON Rider during the purported Class Period.

17.  Admitted.  GHI admits the allegations contained in paragraph 17 of the Complaint.

## JURISDICTION AND VENUE

18.  Paragraph 18 of the Complaint states a legal conclusion to which no response is required.

19.  Denied.  Paragraph 19 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, GHI denies the allegations contained in paragraph 16 of the Complaint, and specifically denies that Plaintiffs and putative class members are entitled to any relief.

20.  Admitted in part and denied in part.  GHI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint concerning Plaintiffs' residency or the residency of any putative class members.  GHI denies the remaining allegations contained in paragraph 20 of the Complaint, except admits that it is a citizen of New York.

21.  Denied as stated.  Paragraph 21 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, GHI denies the allegations contained in paragraph 21 of the Complaint, except admits that GHI has had contacts with this judicial district.

## FACTUAL BACKGROUND

22.  Denied.  To the extent paragraph 22 of the Complaint purports to characterize certain statutes, no response is required, and GHI respectfully refers the Court to the statutes for their true and complete contents.  To the extent a response is required, GHI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.  Denied as stated.  GHI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, except admits that the GHI Plan is a preferred provider organization (PPO) plan that provides an out-of-network benefit.

24.  Admitted.  GHI admits the allegations contained in paragraph 24 of the Complaint.

25.  Admitted.  GHI admits the allegations contained in paragraph 25 of the

Complaint, and respectfully refers the Court to Exhibit A for its true and complete contents.

26.   Denied as stated.  GHI denies the allegations in paragraph 26 of the Complaint except admits that the SBC was available on GHI's website, and respectfully refers the Court to Exhibit B to the Complaint for its true and complete contents.

27.   Denied as stated.  GHI denies the allegations contained in paragraph 27 of the Complaint, except admits that (i) the SPD and the SBC were documents made available to NYC employees and retirees prior to them making their annual or biannual election of benefits; (ii) that GHI does not provide certificates of insurance or schedules of reimbursement rates to NYC employees or retirees prior to annual or biannual elections; and (iii) GHI did not send Plaintiffs or, upon information and belief, any members of the alleged CBP class, a schedule of reimbursement rates, although at all relevant times the schedule remained available upon request.

28.   Admitted in part and denied in part.  GHI denies the allegations contained in paragraph 28 of the Complaint except, except admits all premiums paid by the City to GHI were paid within New York and that From 2011 to 2015, GHI received roughly $2 billion a year in premiums for the GHI Plan and, after rebates to NYC, earned roughly $172 million a year for administering the GHI Plan.

29.   Admitted.  GHI admits the allegations contained in paragraph 29 of the Complaint.

30.   Denied as stated.  To the extent paragraph 30 of the Complaint purports to characterize certain documents, no response is required, and GHI respectfully refers the

Court to those documents for their true and complete contents.  To the extent a response

is required, GHI denies the allegations contained in paragraph 30 of the Complaint,

except admits that GHI created the NYC Non-Participating Provider Schedule of

Allowable Charges (the "Schedule") in or around 1983.

31.   Denied.  GHI denies the allegation contained in paragraph 31 of the

Complaint.

32.   Denied.  To the extent paragraph 32 of the Complaint purports to characterize

certain documents, no response is required, and GHI respectfully refers the Court to those

documents for their true and complete contents.  To the extent a response is required,

GHI denies the allegations contained in paragraph 32 of the Complaint.

33.   Admitted.  GHI admits the allegations contained in paragraph 33 of the

Complaint.

34.   Denied.  To the extent paragraph 34 of the Complaint purports to characterize

certain documents, no response is required, and GHI respectfully refers the Court to those

documents for their true and complete contents.  To the extent a response is required,

GHI denies the allegations contained in paragraph 34 of the Complaint.

35.   Denied.  To the extent paragraph 35 of the Complaint purports to characterize

certain documents, no response is required, and GHI respectfully refers the Court to those

documents for their true and complete contents.  To the extent a response is required,

GHI denies the allegations contained in paragraph 35 of the Complaint.

36.   Denied.  To the extent paragraph 36 of the Complaint purports to characterize

certain documents, no response is required, and GHI respectfully refers the Court to those

documents for their true and complete contents.  To the extent a response is required, GHI denies the allegations contained in paragraph 36 of the Complaint.

37.  Denied.  To the extent paragraph 37 of the Complaint purports to characterize certain documents, no response is required, and GHI respectfully refers the Court to those documents for their true and complete contents.  To the extent a response is required, GHI denies the allegations contained in paragraph 37 of the Complaint.

38.  Denied.  GHI denies the allegations contained in paragraph 38 of the Complaint.

39.  Denied as stated.  To the extent paragraph 39 of the Complaint purports to characterize certain documents, no response is required, and GHI respectfully refers the Court to those documents for their true and complete contents.  To the extent a response is required, GHI denies the allegations contained in paragraph 39 of the Complaint, except admits that it offered prospective members the Enhanced OON rider for an additional fee.

40.  Denied as stated.  To the extent paragraph 40 of the Complaint purports to characterize certain documents, no response is required, and GHI respectfully refers the Court to those documents for their true and complete contents.  To the extent a response is required, GHI denies the allegations contained in paragraph 40 of the Complaint, except admits that the Enhanced OON Rider applied only to in-patient out-of-network services.

41.  Denied as stated.  GHI denies the allegations contained in paragraph 41 of the Complaint, which fails to state a time period for the allegations.

9

42. Denied as stated. To the extent paragraph 42 of the Complaint purports to characterize certain documents, no response is required, and GHI respectfully refers the Court to those documents for their true and complete contents. To the extent a response is required, GHI denies the allegations contained in paragraph 42 of the Complaint, except admits that on September 8, 2014 Attorney General Eric T. Schneiderman and GHI entered into the AOD.

43. Denied as stated. To the extent paragraph 43 of the Complaint purports to characterize certain documents, no response is required, and GHI respectfully refers the Court to those documents for their true and complete contents. To the extent a response is required, GHI denies the allegations contained in paragraph 43 of the Complaint except admits that GHI made changes to the SPD in 2014.

44. Denied as stated. GHI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint relating to the unspecified medical services and reimbursements that Dorothy Plavin allegedly received, except admits that individuals covered by Mr. Plavin under the GHI Plan received 88 out-of-network services in 2014. GHI further denies any characterization, stated or implied, by the allegations contained in Paragraph 44 of the Complaint. GHI avers that 2014 was not the first time that Mr. Plavin or his wife received medical services that GHI deemed to be out-of-network. On the contrary, Mr. Plavin and his family submitted, and received reimbursement for, over 500 claims for out-of-network services since 2004.

45. Denied as stated. GHI denies knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 45 of the Complaint

relating to the unspecified medical services and reimbursements that Mr. Altman

allegedly received.  GHI further denies any characterization, stated or implied, by the

allegations contained in Paragraph 45 of the Complaint.

46.   Denied as stated.  GHI denies knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 46 of the Complaint

relating to the unspecified medical services and reimbursements that Ms. Davis-Matlock

allegedly received.

47.   Denied as stated.  GHI denies knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 47 of the Complaint

relating to the unspecified medical services and reimbursements that Ms. Thomas

allegedly received.

48.   Denied.  To the extent that the allegations in paragraph 48 of the Complaint

set forth Plaintiffs' characterization of his claims in this action, no response is required.

To the extent a response is required, GHI denies the allegations contained in paragraph

48 of the Complaint.

49.   Admitted in part and denied in part.  To the extent that the allegations in

paragraph 49 of the Complaint set forth Plaintiffss' characterization of his claims in this

action, no response is required.  To the extent a response is required, GHI denies the

allegations contained in paragraph 49 of the Complaint, except admits that it possesses

the identities and addresses of members of the GHI Plan.

50.   Denied.  GHI denies the allegations contained in paragraph 50 of the

Complaint.

51.   Denied.  GHI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, and avers that this case is not appropriate as a class action.

52.   Denied.  GHI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53.   Denied.  Paragraph 53 of the Complaint does not contain any allegations to which a response is required.  To the extent a response is required, GHI denies the allegations contained in paragraph 53 of the Complaint.

54.   Denied.  Paragraph 54 of the Complaint states legal conclusions to which no response is required.  To the extent paragraph 54 of the Complaint purports to characterize Plaintiffs' claims in this action, no response is required.  To the extent a response is required, GHI denies the allegations contained in paragraph 54 of the Complaint, and avers that this case is not appropriate as a class action.

44.   Denied.  GHI denies the allegations contained in duplicate / mis-numbered paragraph 44 of the Complaint, and avers that this case is not appropriate as a class action.

## FIRST CAUSE OF ACTION

### (Alleged Unjust Enrichment on behalf of Plaintiffs and the alleged CBP Class)

55.   GHI repeats its responses to paragraphs 1–54 and duplicate/mis-numbered paragraph 44 of the Complaint as though fully set forth herein.

56.   Denied as stated.  GHI denies the allegations contained in paragraph 56 of the

Complaint, except admits that GHI received premium payments from the City for members that enrolled in the GHI Plan.

57.  Denied as stated.  GHI denies the allegations contained in paragraph 57 of the Complaint except admits that Plaintiffs purchased the Enhanced OON Rider.

58.  Denied.  GHI denies the allegations contained in paragraph 58 of the Complaint.

59.  Denied.  GHI denies the allegations contained in paragraph 59 of the Complaint, and specifically denies that Plaintiffs and putative class members are entitled to any relief.

60.  Denied.  GHI denies the allegations contained in paragraph 60 of the Complaint, and specifically denies that Plaintiffs and putative class members are entitled to any relief.

### SECOND CAUSE OF ACTION

**(Alleged Violation of General Business Law, Section 349 on behalf of Plaintiffs and the alleged CBP Class)**

61.  GHI repeats its responses to paragraphs 1-60 and to duplicate/mis-numbered paragraph 44 of the Complaint as though fully set forth herein.

62.  Denied.  Paragraph 62 of the Complaint states a legal conclusion to which no response is required.  GHI respectfully refers the Court to New York General Business Law Section 349 for its true and complete content.

63.  Denied.  Paragraph 63 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, GHI denies the allegations

contained in paragraph 63 of the Complaint.

64.  Denied.  GHI denies the allegations contained in paragraph 64 of the Complaint.

65.  Denied.  GHI denies the allegations contained in paragraph 65 of the Complaint.

66.  Denied.  GHI denies the allegations contained in paragraph 66 of the Complaint.

## THIRD CAUSE OF ACTION

### (Alleged False Advertising in Violation of General Business Law, Section 350 on behalf of Plaintiffs and the alleged CBP Class)

67.  GHI repeats its responses to paragraphs 1-66 and to duplicate/mis-numbered paragraph 44 of the Complaint as though fully set forth herein.

68.  Denied.  Paragraph 68 of the Complaint states a legal conclusion to which no response is required. GHI respectfully refers the Court to New York General Business Law Section 350 for its true and complete content.

69.  Denied.  Paragraph 69 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, GHI denies the allegations contained in paragraph 69 of the Complaint.

70.  Denied.  GHI denies the allegations contained in paragraph 70 of the Complaint.

71.  Denied.  GHI denies the allegations contained in paragraph 71 of the Complaint.

72.  Denied. GHI denies the allegations contained in paragraph 72 of the Complaint.

## FOURTH CAUSE OF ACTION

**(Alleged Misrepresentations in Violation of New York Insurance Law, Section 4226, on behalf of Plaintiffs and the alleged CBP Class)**

73.  Paragraph 73 of the Complaint states a legal conclusion to which no response is required.  GHI respectfully refers the Court to New York Insurance Law Section 4226(a) for its true and complete contents.

74.  Denied.  GHI denies the allegations contained in 74 68 of the Complaint.

75.  Denied.  GHI denies the allegations contained in paragraph 75 of the Complaint.

76.  Denied.  Paragraph 76 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, GHI denies the allegations contained in paragraph 76 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

GHI specifically denies that Plaintiffs, or any putative class member, is entitled to the relief requested or to any other relief.

## ANSWER TO JURY DEMAND

GHI admits that Plaintiffs demand a trial by Jury.

## GENERAL DENIAL

Unless otherwise specifically admitted herein, each and every allegation in the Complaint is hereby denied.

GHI reserves the right to amend this Answer and to assert additional defenses or to supplement, alter, or change this Answer, or to assert any counterclaims, upon ascertaining more definite facts during and upon completion of its investigation and discovery.

## ADDITIONAL DEFENSES

As additional defenses, GHI alleges, asserts and states the following, which apply to each and every cause of action asserted in the Complaint to which such defense may be applicable.  By virtue of alleging these further defenses, GHI does not assume any burden of proof, persuasion or production not otherwise legally assigned to them.  GHI also does not concede that facts contrary to one or more of the statements that follow would support liability as to any or all of them.  GHI asserts and expressly reserves all rights to assert any and all other defenses as appropriate, including as may be revealed during the course of discovery.  Use of the term Plaintiffs in the defenses refers to Plaintiffs Steven Plavin, Gary Altman, Michelle Davis-Matlock and Danielle Thomas, and to any member of the putative plaintiffs class alleged in the Complaint.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

This action cannot be maintained as a class or collective action.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the relevant statutes of limitations.

**FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the relevant policies and contracts between the parties and/or the City.

**FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, acquiescence, performance, payment, ratification and/or consent.

**SIXTH DEFENSE**

Plaintiffs' claims under the N.Y. G.B.L. and Insurance Law are barred, in whole or in part, because Plaintiffs knew or should have known the truth of GHI's reimbursement policy and therefore could not have been deceived.

**SEVENTH DEFENSE**

Plaintiffs' claim for unjust enrichment is barred as duplicative of his N.Y. G.B.L. and Insurance Law claims.

**EIGHTH DEFENSE**

This case does not satisfy the requirements to be certified as a class action because, among other things, Plaintiffs' claims are not typical of the class they seek to represent, Plaintiffs' claims are not in common with the claims of the class they seeks to represent, Plaintiffs are not adequate class representatives, and class action treatment is not the superior method of adjudicating Plaintiffs' claims.

****

Dated:  New York, New York.
        September 10, 2021

DEBEVOISE & PLIMPTON LLP

By: */s/ Jared I. Kagan*

    John Gleeson, *admitted pro hac vice*
    Maura K. Monaghan, *admitted pro hac vice*
    Jared I. Kagan, *admitted pro hac vice*
    Justin C. Ferrone, *admitted pro hac vice*

919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836
jgleeson@debevoise.com
mkmonaghan@debevoise.com
jikagan@debevoise.com
jcferrone@debevoise.com

LeVAN MUHIC STAPLETON LLC

By: */s/ Peter H. LeVan, Jr.*

Peter H. LeVan, Jr.
One Liberty Place
1650 Market St, Suite 3600
Philadelphia, PA 19103
Tel: (215) 561-1500
plevan@levanmuhic.com

    *Counsel for Defendant Group Health
    Incorporated*

## CERTIFICATE OF SERVICE

I certify that September 10, 2021, I caused a true and correct copy of the foregoing *Answer of Defendant Group Health Incorporated* to be filed using the Court's Electronic Filing System ("ECF System"). The document is available for viewing and downloading via the ECF System, and will be served by operation of the ECF System upon all counsel of record.

*/s/ Justin C. Ferrone*