**Debevoise & Plimpton**

**Debevoise & Plimpton LLP**
919 Third Avenue
New York, NY 10022
+1 212 909 6000

November 15, 2022

**BY ECF**

The Honorable Robert D. Mariani
United States District Court
Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

Re: *Steven Plavin et al. v. Group Health Incorporated*, No. 3:17-cv-01462

Dear Judge Mariani:

We represent Defendant Group Health Incorporated ("GHI") in the above-referenced action and write on behalf of all parties. Pursuant to the parties' October 20, 2022 conference with the Court (ECF 132) and joint letter dated October 25, 2022 (ECF 134), the parties have conferred on a statement of undisputed facts relevant to GHI's proposed partial motion for summary judgment on statute of limitations grounds.

As reflected in the attached chart, the facts that GHI believes support its motion are undisputed. In response to GHI's statement of undisputed facts, Plaintiffs have identified additional facts, also reflected in the attached chart. For purposes of GHI's anticipated motion, Plaintiffs' additional facts are largely undisputed, though, in GHI's view, none of the additional facts are material to GHI's motion. Plaintiffs believe the sole disputed fact is material.

In light of the foregoing, GHI respectfully requests leave to file its proposed partial motion for summary judgment on the ground that Mr. Plavin's claims were untimely when filed, and thus, the entire Amended Complaint is untimely, without prejudice to GHI's ability to make a subsequent motion for summary judgment on different grounds at a later date, if necessary.

We appreciate the Court's attention to this matter.

Respectfully submitted,

By: */s/ Jared Kagan*
    Jared Kagan, *admitted pro hac vice*

Enclosure (Rule 56.1 Statement of Undisputed Facts)

cc (by ECF):    All Counsel of Record

## Plavin v. Group Health Incorporated
## 3:17-cv-01462-RDM

### Rule 56.1 Statement of Undisputed Facts

|  | **Moving Party's Statement of Undisputed Material Facts and Supporting Evidence** | **Opposing Party's Response and Additional Facts and Supporting Evidence** |
|---|---|---|
| 1. | The original Complaint in this action was filed on August 16, 2017. ECF No. 1. | Undisputed. |
| 2. | The original complaint was filed by a single plaintiff, Steve Plavin, on behalf of himself and a putative class. ECF No. 1. | Undisputed. |
| 3. | Mr. Plavin is a retired New York City (the "City") police officer who first enrolled in the GHI Plan in 1984. Amend. Compl. ¶ 13. | Undisputed. |
| 4. | With the exception of the years 2005 to 2007, Mr. Plavin maintained coverage in the GHI Plan every year since he first enrolled in 1984. Amend. Compl. ¶ 13; Exhibit 1 to GHI's Supplemental R&Os to Interrogatory Nos. 3 and 4. | Undisputed. |
| 5. | Mr. Plavin purchased the Enhanced Out-of-Network Rider ("OON Rider") for every year he was enrolled in the GHI Plan. Amend. Compl. ¶ 13; Exhibit 1 to GHI's Supplemental R&Os to Interrogatory Nos. 3 and 4. | Undisputed. |
| 6. | Active City employees have the opportunity to select a different City-sponsored health insurance plan during an open enrollment period every year. Amend. Compl. ¶ 24. | Undisputed. |

|  | **Moving Party's Statement of Undisputed Material Facts and Supporting Evidence** | **Opposing Party's Response and Additional Facts and Supporting Evidence** |
|---|---|---|
| 7. | Retired City employees have the opportunity during an open enrollment period every other year, in even-numbered years, to select a different City-sponsored health insurance plan.  Amend. Compl. ¶ 24. | Undisputed. |
| 8. | During open enrollment periods, the New York City Office of Labor Relations publishes a Summary Program Description ("SPD") that provides a summary of the health insurance plans offered by the City.  Amend. Compl. ¶ 25. | Undisputed. |
| 9. | The section of the Summary Program Description ("SPD") that described the GHI Plan contained few, if any, changes from year to year prior to 2014. (Bates Nos. PLAVIN_000000927 (c. 2006), GHI000005430 (2011) and GHI000005326 (2013)). | Undisputed. |
| 10. | For the Fall 2014 open enrollment period, the SPD's summary of the GHI Plan changed. (Bates No. GHI00013058). | Undisputed. |
| 11. | Plaintiffs' Amended Complaint seeks relief for out-of-network services submitted to GHI for reimbursement between 2011 and 2014.  Plaintiffs do not seek relief for any out-of-network services provided in 2015 or any subsequent year. *See, generally*, Amend. Compl. ¶¶ 1, 42-43, 48. | Undisputed. |

2

|     | **Moving Party's Statement of Undisputed Material Facts and Supporting Evidence** | **Opposing Party's Response and Additional Facts and Supporting Evidence** |
|-----|---|---|
| 12. | Mr. Plavin moved to Pennsylvania with his family in or around 2004 and continues to reside there. Amend. Compl. ¶ 13. | Undisputed. |
| 13. | The first time that Mr. Plavin submitted a claim for reimbursement for out-of-network services under the GHI Plan, for either himself or his dependents, was no later than 2004. Plavin Claims History (Bates No. GHI000119121). | Undisputed. |
| 14. | Between 2004 and 2014, Mr. Plavin and his dependents submitted claims for reimbursement for 540 out-of-network services. Plavin Claims History (Bates No. GHI000119121). | Undisputed. |
| 15. | Mr. Plavin received reimbursement from GHI for at least some of the out-of-network claims he submitted between 2004 and 2014. Plavin Claims History (Bates No. GHI000119121). | Undisputed. |
| 16. | Mr. Plavin was never reimbursed for out-of-network services under the GHI Plan at a rate that met his expectations. Plavin Tr. 38:25-39:1; 69:23-70:2-8. | Undisputed. |
| 17. | The Amended Complaint does not identify any specific out-of-network claims for which Mr. Plavin alleges he was injured, but the Amended Complaint does allege, in general, that Mr. Plavin and his dependents were injured by GHI's reimbursement for out-of-network claims. *See generally*, Amended Complaint. | Undisputed. |

3

|     | **Moving Party's Statement of Undisputed Material Facts and Supporting Evidence** | **Opposing Party's Response and Additional Facts and Supporting Evidence** |
| --- | --- | --- |
| 18. | Mr. Plavin testified that he requested to see a copy of the GHI Plan's fee schedule shortly after he enrolled in the GHI Plan in 1984, and that his request was denied. Plavin Tr. 107:19-108:11. | Undisputed. |

**Plaintiffs' Additional Facts**

|   | **Plaintiff's Additional Statement of Undisputed Material Facts and Supporting Evidence** | **Opposing Party's Response and Additional Facts and Supporting Evidence** |
|---|---|---|
| 1. | GHI drafted its portion of the Summary Program Description for each year during the Class Period and submitted it to the New York City Office of Labor Relations. Scarmato Dep Tr. 15:24-16:21; 115:2-7. | Disputed but immaterial to Defendant's motion for Summary Judgment on the grounds that Mr. Plavin's claims are time-barred.<br><br>GHI did not "draft" its portion of the Summary Program Description each year, but rather reviewed existing language and made updates as necessary.  *See* Babitsch Dep. Tr. 192:18-22.  Accordingly, while GHI did prepare the page each year for the New York City Office of Labor Relations, it did not necessarily "draft" anything from year-to-year.  Notably, Mr. Scarmato did not know who drafted the original language; it was language that he "inherited." Scarmato Dep. Tr. 25:3-7. |
| 2. | GHI had to submit its portion of the Summary Program Description each year. Scarmato Dep. Tr. 113:11-17. | Undisputed. |
| 3. | The New York City Office of Labor Relations posted the Summary Program Description online each year from 2011 to 2015.  Scarmato Dep. Tr. 16:11-18. | Undisputed. |
| 4. | Mr. Plavin and his dependents incurred out-of-network claims during the Class Period. Plavin Claims History (Bates No. GHI000119121). | Undisputed. |
| 5. | Plaintiffs Altman, Thomas, and Davis-Matlock—and/or their dependents—incurred out-of-network claims during the Class Period. GHI000129998-130002. | Undisputed. |

5

|   | **Plaintiff's Additional Statement of Undisputed Material Facts and Supporting Evidence** | **Opposing Party's Response and Additional Facts and Supporting Evidence** |
|---|---|---|
| 6. | Plaintiffs Altman, Thomas, and Davis-Matlock purchased the out-of-network rider during the Class Period. Exhibit 1 to GHI's Supplemental Responses and Objections to Interrogatory Nos. 3 and 4. | Undisputed. |
| 7. | Plaintiff Thomas first enrolled in the GHI Plan for the 2014 Plan Year. Thomas Dep. Tr. 10:11-18. | Undisputed. |
| 8. | GHI did not post a copy of the 1983 schedule of out-of-network reimbursements for the GHI Plan on its website. Scarmato Dep. Tr. 27:22-28:6. | Undisputed. |
| 9. | GHI did not send a copy of the 1983 schedule of out-of-network reimbursements for the GHI Plan to plan members. Scarmato Dep. Tr. 27:17-21. | Undisputed. |
| 10. | In the Amended Complaint, Plaintiffs Altman, Davis-Matlock, and Thomas contend that the out-of-network reimbursements they received during the Class period were less than their expectations. *See generally* Amended Complaint. | Undisputed. |
| 11. | Kim Davis Jr. was Ms. Thomas' dependent during the Class Period. Thomas Dep. Tr. at 89:17-90:4. | Undisputed. |

|     | **Plaintiff's Additional Statement of Undisputed Material Facts and Supporting Evidence** | **Opposing Party's Response and Additional Facts and Supporting Evidence** |
| --- | --- | --- |
| 12. | Plaintiff Thomas incurred an out-of-network expense for an out-of-network service performed for her dependent on March 27, 2014, which GHI partially reimbursed on November 6, 2014. GHI000130001; GHI000091905. | Undisputed. |