# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

------------------------------------------------------------ x

STEVEN PLAVIN, GARY ALTMAN,
MICHELLE DAVIS-MATLOCK, and
DANIELLE THOMAS, on behalf of themselves
and all others similarly situated,

                 Plaintiffs,

v.

GROUP HEALTH INCORPORATED,

                 Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

No. 3:17-cv-01462-RDM

Judge Robert D. Mariani

Electronically Filed

------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT GROUP HEALTH INCORPORATED'S MOTION FOR
## <u>SUMMARY JUDGMENT</u>

DEBEVOISE & PLIMPTON LLP
John Gleeson*
Jared I. Kagan*
Justin C. Ferrone*
919 Third Avenue
New York, NY 10022
(212) 909-6000

LeVAN STAPLETON SEGAL COCHRAN
LLC
Peter H. LeVan, Jr.
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 561-1500

* admitted *pro hac vice*

*Attorneys for Defendant Group Health Incorporated*

January 6, 2023

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ...................................................................1

BACKGROUND ........................................................................................3

I.    **Statement of Facts**..........................................................................3

    A.    <u>The GHI Plan and its Out-of-Network Benefits</u> ...................................3

    B.    <u>Plavin Enrolled in the GHI Plan in 1984, and Submitted</u>
    <u>Hundreds of Claims for Out-of-Network Reimbursement</u>
    <u>Between 2004 and 2014</u> ..............................................................5

II.   **Procedural History** .........................................................................6

    A.    <u>The Court Dismissed Plavin's Original Complaint and</u>
    <u>Expressed "Reservations" as to the Timeliness of His Claims.</u>............6

    B.    <u>The Amended Complaint on Remand Added New Plaintiffs but</u>
    <u>Remained Substantively Unchanged</u>.................................................9

    C.    <u>The Court Holds that Plaintiffs' New 2021 Claims Are Tolled</u>
    <u>Only if They Relate Back to a Timely Complaint</u> ..............................10

QUESTIONS PRESENTED.......................................................................11

LEGAL STANDARD................................................................................11

ARGUMENT ..........................................................................................11

I.    **Plavin's Original Complaint Was Untimely When Filed in 2017**..........13

    A.    <u>Plavin's GBL and Insurance Law Claims Accrued No Later</u>
    <u>Than 2007 and Are Time-Barred</u> ....................................................13

    B.    <u>Plavin's Unjust Enrichment Claim, to the Extent Not</u>
    <u>Duplicative of His Statutory Claims or Precluded by Contract,</u>
    <u>Accrued in 1984 and Is Time-Barred</u>...............................................15

II.   **Because Plavin's Claims are Time-Barred, the Entire Action**
    **Should Be Dismissed**.......................................................................18

CONCLUSION ......................................................................................20

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*American Pipe & Construction Co. v. Utah*,
    414 U.S. 538 (1974) ........................................................................................... 10

*Arizona v. California*,
    460 U.S. 605 (1983) ........................................................................................... 12

*Bedrosian v. U.S. Dep't of Treasury, IRS*,
    42 F.4th 174 (3d Cir. 2022) ............................................................................... 12

*Boggs v. 3M Co.*,
    527 Fed. App'x 415 (6th Cir. 2013) ................................................................... 19

*Bradley v. Nolan*,
    No. 3-CV-1616, 2007 WL 959160 (S.D.N.Y. Mar. 30, 2007) ........................... 19

*Calhoun v. Invention Submission Corp.*,
    No. CV 18-1022, 2020 WL 1453088 (W.D. Pa. Jan. 16, 2020) ........................ 19

*Corsello v. Verizon N.Y., Inc.*,
    18 N.Y.3d 777 (2012) .................................................................................. 16, 17

*Dolce v. Nw. Mut. Life Ins. Co.*,
    272 A.D.2d 432 (N.Y. App. Div. 2000) ............................................................ 13

*EBC I, Inc. v. Goldman, Sachs & Co.*,
    5 N.Y.3d 11 (2005) ............................................................................................ 18

*Gaidon v. Guardian Life Ins. Co. of Am.*,
    96 N.Y.2d 201 (2001) ........................................................................................ 13

*Haas v. Pittsburgh Nat'l Bank*,
    526 F.2d 1083 (3d Cir. 1975) ...................................................................... 10, 11

*Haining Zhang v. Schlatter*,
    557 F. App'x 9 (2d Cir. 2014) ........................................................................... 16

*Henderson v. Bolanda*,
    253 F.3d 928 (7th Cir. 2001) ............................................................................. 19

*Henry v. Bank of Am.*,
 147 A.D.3d 599 (N.Y. App. Div. 2017) ............................................................15

*Hood v. N.J. Dep't of Civil Serv.*,
 680 F.2d 955 (3d Cir. 1982) .................................................................................19

*Jewelcor Inc. v. Karfunkel*,
 Civ. No. 3:99-CV-1251, 2000 WL 36741106 (M.D. Pa. Feb. 22,
 2000) .......................................................................................................................19

*Kaufman v. Cohen*,
 307 A.D.2d 113 (N.Y. App. Div. 2003) ............................................................16

*Kermanshah v. Kermanshah*,
 580 F. Supp. 2d 247 (S.D.N.Y. 2008) ...............................................................15

*Lambert v Sklar*,
 30 A.D.3d 564 (N.Y.App. Div. 2006) ...............................................................16

*Lia v. Saporito*,
 909 F. Supp. 2d 149 (E.D.N.Y. 2012) ...............................................................16

*Miller v. Bill Harbert Int'l Constr.*,
 505 F. Supp. 2d 1 (D.D.C. 2007)........................................................................19

*Nat'l State Bank v. Fed. Rsrv. Bank of N.Y.*,
 979 F.2d 1579 (3d Cir. 1992) ..............................................................................11

*Nelson v. MillerCoors, LLC*,
 246 F. Supp. 3d 666 (S.D.N.Y. 2017) ...............................................................16

*Pension Tr. Fund for Operating Eng'rs v. Mortg. Asset Securitization
Transactions, Inc.*,
 730 F.3d 263 (3d Cir. 2013) ................................................................................19

*Plavin v. Grp. Health Inc.*,
 857 Fed. App'x. 83 (3d Cir. 2021) .........................................................9, 13, 17

*Ridolfi v. State Farm Mut. Auto. Ins. Co.*,
 No. 1:15-CV-859, 2017 WL 4418423 (M.D. Pa. Oct. 5, 2017)........................12

*Sirico v. F.G.G. Prods., Inc.*,
 71 A.D.3d. 429 (N.Y. App. Div. 2010) ..............................................................15

*Smith v. Ulta SALON*,
No. 18-2532 (TJK), 2020 WL 1429939 (D.D.C. Mar. 24, 2020) ......................19

*Trammell v. Aston Constr. Co.*,
No. 95-5300, 1997 WL 299385 (E.D. Pa. May 30, 1997) .................................19

**Rules**

Fed. R. Civ. P. 56(a)................................................................................................11

Defendant Group Health Incorporated ("GHI") respectfully submits this memorandum of law in support of its motion for summary judgment.

## PRELIMINARY STATEMENT

Plaintiffs' claims are time-barred as a matter of law and should be dismissed. In August 2017, Plaintiff Steven Plavin filed this lawsuit alleging that documents distributed to New York City (the "City") employees and retirees conveyed misleading impressions about the rate of reimbursement that members of GHI's Comprehensive Benefits Plan (the "GHI Plan") would receive for out-of-network medical services, and that Plavin was injured when he obtained out-of-network services and was required to pay more for them than he had expected.  Plavin's claims under New York General Business Law ("GBL") §§ 349 and 350 and New York Insurance Law § 4226 are each subject to a three-year statute of limitations, rendering untimely all claims that accrued prior to August 16, 2014; Plavin's catch-all unjust enrichment claim has a six-year statute of limitations, precluding any such claim that accrued before August 16, 2011.

Beginning in 2004 (outside both limitations periods), Plavin and his family members' use of out-of-network providers spiked following Plavin's retirement from the New York City Police Department and his family's relocation to Pennsylvania, where he continues to reside.  During the 10-year period that followed, Plavin and his family received reimbursement for hundreds of out-of-

network claims under the GHI Plan.  Plavin testified that he ***never*** received from GHI what he believed to be an adequate reimbursement that met his expectations, during that ten-year period or otherwise.  Yet, with the exception of 2005 and 2006, Plavin has maintained his enrollment in the GHI Plan since 2004 and has continued to use out-of-network providers, despite having other health insurance options offered by the City and the private market from which to choose.

Because it would have required the consideration of documents beyond the pleadings, the Court declined in 2018 (with an expressed reservation) to dismiss Plavin's claims as time barred on GHI's motion to dismiss.  With fact discovery now complete, there is no genuine issue of fact requiring trial on this issue, and summary judgment in favor of GHI is warranted.

Plavin and his counsel apparently recognize that his claims were untimely. While the Court's order dismissing the complaint on other grounds was on appeal to the Third Circuit, ███████████████████████████████████████

████████████████████████████████████████████████████████

██████  Decl. of Jared I. Kagan (Jan. 6, 2023) ("Kagan Decl.") Ex. 7 at PLAVIN_000006565 (emphasis added); *see also* Kagan Decl. Ex. 8 at PLAVIN_000006950 ████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████

On August 30, 2021, Plavin filed an amended complaint adding three new plaintiffs (Altman, Davis-Matlock, and Thomas) that was substantively identical to Plavin's original complaint. However, this Court has already held that the new Plaintiffs' 2021 claims (which themselves are untimely) cannot be tolled unless they relate back to a timely complaint. *See* ECF No. 114 at 28–30. Because Plavin's complaint was untimely when filed, the remaining Plaintiffs' 2021 claims also are untimely and also should be dismissed.

## **BACKGROUND**

I.    **Statement of Facts**

A.    The GHI Plan and its Out-of-Network Benefits

The GHI Plan is one of 11 health insurance plans offered by the City to its employees and retirees as part of their compensation and retirement packages. The GHI Plan is a preferred provider organization (PPO) plan, which provides in-network coverage as well as partial reimbursement for out-of-network services. The GHI Plan was the only PPO plan offered by the City during the relevant time period that did not require members to pay premiums out of pocket. First Am. Compl. ("FAC") (ECF No. 70) ¶¶ 2, 23. Employees and retirees also could elect, for a small monthly fee, an Optional Rider that increased the reimbursement for certain out-of-network services. *Id.* ¶¶ 6, 39.

Active City employees could select or change their medical coverage annually during an open enrollment period. Kagan Declaration Ex. 1, Rule 56.1

Statement of Undisputed Facts ("Rule 56.1 Stmt.") ¶ 6 (previously filed at ECF No. 135). Retired City employees could select or change their medical coverage during an open enrollment period in even-numbered years only. *Id.* ¶ 7. If an employee or retiree made no change to their then-current health insurance during an open enrollment period, that selection carried over to the following year. Kagan Decl. Ex. 2, Dep. Tr. Steven Plavin, July 29, 2022 ("Plavin Dep. Tr.") at 90:20–25.

During each open enrollment period, the City's Office of Labor Relations ("OLR") published a Summary Program Description ("SPD") containing brief descriptions of each City-sponsored health plan option available to employees and retirees. Rule 56.1 Stmt. ¶ 8. The SPD's description of the level of out-of-network benefits under the GHI Plan did not change between the Fall 2006 SPD (describing coverage applicable for 2007) through and including the 2013 SPD (describing coverage applicable for 2014). *Id.* ¶ 9; *compare* Hinkley Decl. Ex. 1 (2006 SPD excerpt) *with* Hinkley Decl. Ex. 4 (2013 SPD) at GHI000005348.

Starting in 2012, GHI made available on its website a "Summary of Benefits and Coverage" (the "SBC") that provided an overview of the GHI Plan and provided examples of how out-of-network coverage worked. FAC ¶ 26. Between 2012 and 2015, no substantive changes were made to the way the SBC described the GHI Plan's out-of-network coverage. *See* Kagan Decl. Ex. 3, George Babitsch Dep. Tr., Aug. 2, 2022 at 186:12–187:7, 188:3–8.

B.   <u>Plavin Enrolled in the GHI Plan in 1984, and Submitted Hundreds of Claims for Out-of-Network Reimbursement Between 2004 and 2014</u>

Plavin, a retired New York City police officer, first enrolled in the GHI Plan in 1984.  Rule 56.1 Stmt. ¶ 3.  With the exception of 2005 through 2006, when Plavin enrolled in an HMO plan that did not provide out-of-network benefits, Plavin has maintained enrollment in the GHI Plan and has purchased the Optional Rider every year since 1984.  *Id.* ¶¶ 4–5.  At the time Plavin first enrolled in the GHI Plan, he requested to see a copy of the out-of-network reimbursement rate sheet (known as the "fee schedule") and his request was denied.  *Id.* ¶ 18.

In 2004, Plavin retired and he and his family moved to Pennsylvania.  *Id.* ¶ 12.  Between 2004 and 2014, Plavin and his dependents submitted hundreds of claims for out-of-network services for reimbursement under the GHI Plan, and they were reimbursed by GHI for some of these out-of-network services.  *Id.* ¶¶ 13–15.[1]  During the entire period that Plavin remained enrolled in the GHI Plan—from 2004 to the present—he never received a rate of reimbursement for out-of-network services that met his expectations.  Rule 56.1 Stmt. ¶¶ 16; Plavin Dep. Tr. 38:25–39:1 ("I don't believe that GHI ever reimbursed me at the rate they should."); 69:23–70:8 ████████████████████

████████████████████████████████████

---

[1]   Encompassed within the 540 claims identified in paragraph 14 of the Rule 56.1 Statement of Undisputed Material Facts are some number of "senior care" claims.

██████████████████████████████████

███. By way of example:

- On February 5, 2007, GHI reimbursed Plavin $37 for a $121.75 out-of-network charge for services rendered on January 3, 2007 (30% reimbursement). *See* Hinkley Decl. Ex. 6 at Claim No. 0253105470.

- On October 17, 2008, GHI reimbursed Plavin $12 for a $150 out-of-network charge for services rendered on February 29, 2008 (8% reimbursement). *Id.* at Claim No. EMC8597351.

- On November 12, 2009, GHI reimbursed Plavin $234 for a $4,193 out-of-network charge for services rendered on April 16, 2008 (5.5% reimbursement). *Id.* at Claim No. 3067202880.

- On August 2, 2011, GHI reimbursed Plavin $414.41 for a $1,380 out-of-network charge for services rendered on July 6, 2011 (30% reimbursement). *Id*. at Claim No. 1992111030.

- On September 18, 2012, GHI reimbursed Plavin $404.92 for a $1,170.00 out-of-network charge for services rendered on October 12, 2011 (35% reimbursement). *Id.* at Claim No. 2514502241.

Notwithstanding the undisputed fact that Plavin never received a rate of reimbursement for out-of-network services that met his expectations, he elected to remain enrolled in the GHI Plan during every open-enrollment period (with the exception of 2005 and 2006). Rule 56.1 Stmt. ¶ 4.

## II.     Procedural History

A.     <u>The Court Dismissed Plavin's Original Complaint and Expressed "Reservations" as to the Timeliness of His Claims.</u>

Plavin filed this lawsuit on August 16, 2017, on behalf of himself and a putative class. The original complaint alleged that the SPD and SBC "convey[ed]

6

the impression that employees faced little risk of incurring large reimbursement deficits," *see* Compl. (ECF No. 1) ¶ 6, and failed to disclose that the reimbursement rates for out-of-network medical services under the GHI Plan "would be a fraction of the actual cost of that service." *id.* ¶ 5.

The complaint identified four specific medical services that Plavin's wife received between 2013 and 2014 that GHI allegedly "deemed out-of-network and consequently paid just a fraction of the expenses, saddling Mr. Plavin with responsibility for paying the difference." *Id.* ¶ 41. Based on these allegations, the complaint asserted claims against GHI for purported violations of GBL §§ 349–350 and New York Insurance Law § 4226, and for unjust enrichment.

GHI moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim for which relief can be granted. Among other grounds for dismissal, GHI argued that Plavin's claims were barred by the applicable statutes of limitations given that he had repeatedly re-enrolled in the GHI Plan over a thirty-year period, and that he and his family had received hundreds of out-of-network services (and received reimbursement for them) under the GHI Plan dating back to 2004.

In addressing the statute of limitations argument, the Court held that Plavin's claim accrued when his expectations regarding reimbursement levels for out-of-network services first were not met. *See* ECF No. 55 at 11, 13, 15–16. The Court

7

nonetheless declined at the pleading stage to dismiss the complaint as time-barred. Although it held that three of the four out-of-network reimbursements specifically pleaded in the Complaint were untimely as alleged, *id.* at 10,15, it reasoned that the complaint, on its face, alleged a single reimbursement—paid in 2015—that fell "just within the statute of limitations period," *id.* at 15.  While the Court expressly "maintain[ed] reservations" when it came to whether that 2015 reimbursement "would have been the first time Plavin learned that his expectations regarding reimbursement levels were not met," the Court held that, "[o]n this allegation, it is plausible that Plavin first learned that the plan's out-of-network coverage would be less than he had expected in February 2015."  *Id.* at 16.

Discovery has since shown that neither the 2015 reimbursement nor any of the other specific reimbursements alleged in the original complaint were for out-of-network services; rather, they were for ***in-network*** services, and thus are not reimbursements for which Plavin claimed any damages.  Rule 56.1 Stmt. ¶ 17.  In other words, even though the original complaint alleged that GHI misrepresented the level of out-of-network reimbursement under the GHI Plan and that Plavin was purportedly injured when his expectations for out-of-network reimbursement were not met, the original complaint did not actually identify any reimbursements for ***out-of-network*** services that purportedly injured Plavin.  Rule 56.1 Stmt. ¶ 17.

On June 22, 2018, the Court dismissed the complaint in its entirety with prejudice, on other grounds.  On May 21, 2021, the Court of Appeals for the Third Circuit vacated and remanded.  *Plavin v. Grp. Health Inc.*, 857 Fed. App'x 83 (3d Cir. 2021).

B.   <u>The Amended Complaint on Remand Added New Plaintiffs but Remained Substantively Unchanged</u>

On August 30, 2021, Plavin filed the FAC, joined by three new plaintiffs (Altman, Davis-Matlock, and Thomas).  The FAC was nearly identical to the original complaint, and included only six new paragraphs that identified the domiciles of the new plaintiffs and identified specific reimbursements received by the new plaintiffs for alleged out-of-network services that were allegedly insufficient.  However, most of the cited examples are for medical services that occurred on or after January 1, 2015 or, like with Plavin, were confirmed through discovery to be ***in-network services*** for which Plaintiffs bore no financial responsibility and thus did not cause any injury.  *See* FAC ¶¶ 14–16, 45–47; Kagan Decl. Ex. 4, Thomas Resp. and Obj. to GHI's Req. for Admis. at Nos. 10 and 11; Kagan Decl. Ex. 5, Davis-Matlock Resp. and Obj. to GHI's Req. for Admis. at Nos. 14–16.  The allegations concerning Plavin remained unchanged, and—of significance to the statute of limitations issue—none of the Plaintiffs seek relief for

any out-of-network services they received in 2015 or thereafter.  Rule 56.1 Stmt.
¶ 11.

      C.      <u>The Court Holds that Plaintiffs' New 2021 Claims Are Tolled Only if
They Relate Back to a Timely Complaint</u>

On April 12, 2022, Plavin filed a motion to unconditionally withdraw from
the case without prejudice.  ECF No. 98.  GHI opposed the motion, and argued that
Plavin's withdrawal should be conditioned on his sitting for a deposition, in part,
because the claims of Plaintiffs Altman, Davis-Matlock, and Thomas—filed in
August 2021—are timely only to the extent they relate back to Plavin's original
complaint filed in 2017.  ECF No. 100.  The Court agreed, and expressly rejected
Plaintiffs' argument on reply that the other Plaintiffs' claims would be tolled
pursuant to *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) even
if Plavin's original complaint was untimely.  ECF No. 114 at 28–29 (citing Pls.'
Reply Br. (ECF No. 105) at 3–4).

The Court explained that "the Third Circuit's decision in *Haas* [*v. Pittsburgh
Nat'l Bank*, 526 F.2d 1083 (3d Cir. 1975)] makes clear that the application of
*American Pipe* to toll the running of the statute of limitations requires that the
original complaint be timely:  '*American Pipe* holds that the *timely* commencement
of a class action tolls the applicable statute of limitations, even though the suit is

later denied class action status after the statutory period has elapsed.'" *Id.* (quoting *Haas*, 526 F.2d at 1097) (emphasis added by the Court).

## QUESTIONS PRESENTED

1. Whether Plavin's claims are barred by the relevant statutes of limitations and should be dismissed as untimely.

*[Suggested Answer: Yes.]*

2. If Plavin's claims are time-barred, whether the entire action also should be dismissed because the remaining Plaintiffs' claims are untimely and do not relate back to a timely complaint.

*[Suggested Answer: Yes]*

## LEGAL STANDARD

Summary judgment is appropriate where, as here, the "materials in the record" show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Nat'l State Bank v. Fed. Rsrv. Bank of N.Y.*, 979 F.2d 1579, 1581 (3d Cir. 1992).

## ARGUMENT

The Court already has addressed the two legal issues necessary to resolve this motion, when it held that: (1) Plavin's GBL and Insurance Law claims accrued when his expectations regarding the level of reimbursement under the GHI Plan were not met; and (2) the limitations periods applicable to the 2021 claims of

Plaintiffs Altman, Davis-Matlock, and Thomas are tolled only if they relate back to a timely complaint.  These holdings are the law of the case and govern this motion for summary judgment.  *Arizona v. California*, 460 U.S. 605, 618 (1983) ("[T]he [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."); *Bedrosian v. U.S. Dep't of Treasury, IRS*, 42 F.4th 174, 181 (3d Cir. 2022) (the law-of-the-case "doctrine prevents reconsideration of legal issues already decided in earlier stages of a case"); *Ridolfi v. State Farm Mut. Auto. Ins. Co.*, No. 1:15-CV-859, 2017 WL 4418423, at *6–7 (M.D. Pa. Oct. 5, 2017) ("[C]ourts should be loath to [reverse prior rulings] in the absence of extraordinary circumstances . . . .") (internal quotations and citations omitted) (alteration in original).

On the undisputed facts, Plavin's original complaint was untimely as a matter of law.  Moreover, Plaintiffs Altman, Davis-Matlock, and Thomas do not have a timely complaint to which their 2021 claims can relate back and their claims, too, are thus untimely as a matter of law.  Accordingly, the Court should grant summary judgment in favor of GHI dismissing the entire FAC.

## I.      Plavin's Original Complaint Was Untimely When Filed in 2017

### A.      Plavin's GBL and Insurance Law Claims Accrued No Later Than 2007 and Are Time-Barred

The statute of limitations for GBL claims and Insurance Law claims is three years. *Plavin v. Grp. Health Inc.*, 857 Fed. App'x 83, 87 (3d Cir. 2021) (citing *Gaidon v. Guardian Life Ins. Co. of Am.*, 96 N.Y.2d 201 (2001) (GBL claims) and *Dolce v. Nw. Mut. Life Ins. Co.*, 272 A.D.2d 432 (N.Y. App. Div. 2000) (Insurance Law claims)).  Thus, in order for Plavin's GBL claims and Insurance Law claims to be timely when Plavin filed the complaint on August 16, 2017, the claims must have accrued no earlier than August 16, 2014.

The undisputed evidence demonstrates that Plavin's claims accrued long before August 16, 2014, and thus are untimely.  Documentary evidence confirms that Plavin and his dependents submitted hundreds of out-of-network claims under the GHI Plan and received reimbursement for them well over three years before Plavin filed the original complaint.  *See* pp. 5–6, *infra.*  By Plavin's own admission, he ***never*** received from GHI what he believed to be an adequate reimbursement that met his expectations.  Critically, Plavin testified that, █████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

                Plavin. Dep. Tr. at 69:2–70:8.[2]  As just one specific

example, Plavin testified that

Plavin Dep. Tr. 63:20–23.  Accordingly, Plavin's GBL

and Insurance law claims accrued well over three years before he filed the

complaint.

Even when considering just the time between the three-year accrual period

(August 16, 2014) and when Plavin last had an opportunity to change his insurance

coverage (the Fall 2012),[3] Plavin received reimbursements for out-of-network

services at a rate that he admitted did not meet his expectations.  The first of which

(Claim No. EMC2277073) was submitted on January 4, 2013, and paid by GHI on

January 15, 2013.  *See* Hinkley Decl. Ex 6.  That claim was soon followed by two

additional claims that were submitted, processed and paid in March 2013 (Claim

Nos. EMC4615770 and EMC4620008).  *Id*.  Thus, there is no dispute—even

---

[2]   Although not the subject of this motion, an additional ground for dismissal is Plavin's admissions under oath that (a) the only potentially timely reimbursement pled in the Complaint was actually an ***in-network*** claim for which Plavin and his family incurred no financial responsibility or harm and (b) that his original Complaint did not identify ***any*** out-of-network claims for which his expectations were not met.  *See*  Rule 56.1 Stmt. ¶ 17; Kagan Decl. Ex. 6, Plaintiff Steven Plavin's Suppl. Responses and Objections to First set of RFAs at RFA Nos. 13–16.

[3]   *See* Rule 56.1 Stmt. ¶ 7 (retirees could select a new plan during the Fall open enrollment in even numbered years).

considering this narrower 2013–2014 window immediately before the accrual date—that Plavin first learned that reimbursements for out-of-network services under the GHI Plan were not at a rate that met his expectations well before the accrual date of August 16, 2014.[4]  Accordingly, Plavin's GBL and Insurance Law claims were untimely when Plavin commenced this action on August 16, 2017.[5]

      **B.**    <u>Plavin's Unjust Enrichment Claim, to the Extent Not Duplicative of His Statutory Claims or Precluded by Contract, Accrued in 1984 and Is Time-Barred</u>

Under New York law, the statute of limitations for a claim of unjust enrichment is six years.  *Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 263 (S.D.N.Y. 2008); *Sirico v. F.G.G. Prods., Inc.*, 71 A.D.3d 429, 434 (N.Y. App.

---

[4]   As such, there is no legal basis to conclude (as Plavin argued on appeal to the Third Circuit) that each individual reimbursement constituted a "new injury" for purposes of the statute of limitations.  Rather, any  injury purportedly caused by the allegedly deceptive materials subsequent to the first time Plavin's expectations were not met was merely the "continuing effects of a single wrong," (*i.e.*, the allegedly deceptive SPDs or SBCs that remained unchanged in any material way from year to year) rather than "a series of independent, distinct wrongs" that would be sufficient to re-start the limitations period. *See Henry v. Bank of Am.*, 147 A.D.3d 599, 601 (N.Y. App. Div. 2017) (affirming dismissal of consumer fraud and NY GBL claims because the continuing wrong doctrine did not apply to toll the applicable limitations periods).

[5]   Notably, despite being enrolled in the GHI Plan since 1984, and despite the few, if any, changes to the language of the SPD and SBC concerning the GHI Plan from year to year (Rule 56.1 Stmt. ¶ 9), and despite Plavin repeatedly receiving for many years allegedly underwhelming reimbursements that never met his expectations, Plavin and his dependents continue, ***to this day***, to remain enrolled in the GHI Plan and continue to submit claims for reimbursement for out-of-network services.  *See* Hinkley Decl. ¶ 12.

Div. 2010).[6]  This means that, in order for Plavin's unjust enrichment claim to be

timely when he filed the complaint on August 16, 2017, it must have accrued no

earlier than August 16, 2011.  An unjust enrichment claim accrues upon the

occurrence of the alleged wrongful act.  *See Haining Zhang v. Schlatter*, 557 F.

App'x 9, 12 (2d Cir. 2014); *Kaufman v. Cohen*, 307 A.D.2d 113, 127 (N.Y. App.

Div. 2003).

Here, Plavin's unjust enrichment claim is based upon the same factual

allegations as his GBL and Insurance Law claims.  However, "an unjust

enrichment claim . . . is not available where it simply duplicates, or replaces, a

conventional contract or tort claim."  *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777,

790 (2012); *see also Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666 (S.D.N.Y.

2017) (dismissing unjust enrichment claim as duplicative of other claims, including

GBL claims).  This is because "New York law does not allow claims for unjust

enrichment to serve as 'catchall cause[s] of action to be used when others fail.'"

*Id.* (quoting *Corsello*, 18 N.Y.3d at 790) (alteration in original).  As the New York

Court of Appeals has explained, unjust enrichment "is available only in unusual

---

[6]   In some cases, courts have applied a three-year statute of limitations for unjust enrichment
under New York law.  *See, e.g.*, *Lia v. Saporito*, 909 F. Supp. 2d 149, 167 (E.D.N.Y. 2012)
("[U]njust enrichment claims seeking monetary damages are governed by the three (3)-year
statute of limitations under Section 214(3) of the [N.Y. C.P.L.R.].); *Lambert v Sklar*, 30
A.D.3d 564, 566 (N.Y. App. Div. 2006) ("affirming dismissal of unjust enrichment claim
for being "subject to a three-year statute of limitations").  For the purposes of this motion
only, Defendant will adopt the time period more favorable to Plavin.

situations when . . . circumstances create an equitable obligation running from the defendant to the plaintiff.  Typical cases are those in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled." *Corsello*, 18 N.Y.3d at 790 (citations omitted).

The Third Circuit held that, for pleading purposes, Plavin plausibly alleged a non-duplicative unjust enrichment claim based on GHI's purported "failure to communicate the Plan's terms, regardless of whether the marketing materials were deceptive."  *Plavin*, 857 Fed. App'x at 87.  Even under this alternative theory of unjust enrichment—which is not alleged in the original complaint—Plavin's claim would have accrued in 1984, when he first enrolled in the GHI Plan and his request for information about the fee schedule was denied.  *See* Plavin Tr. 107:11–108:11 ("When I was first hired in the police department, going back to 1984, [] I asked for a copy of the fee schedule . . . . I was turned down."); *see also* Rule 56.1 Stmt. ¶¶ 4–5.

Any other bases for Plavin's unjust enrichment claim would be rooted in the same conduct as—and therefore be duplicative of—Plavin's GBL and Insurance Law claims, which are untimely because Plavin's expectations regarding the benefits he would receive under the GHI Plan first were disappointed prior to

17

August 16, 2011.  *See* pp. 5–6, *infra*.  Therefore, under any theory, Plavin's unjust

enrichment claim is time-barred matter of law.[7]

## II.    Because Plavin's Claims are Time-Barred, the Entire Action Should Be Dismissed

The GBL and Insurance Law claims of Plaintiffs Altman, Davis-Matlock,

and Thomas—which were filed in 2021 and based on reimbursements they

received in 2015 or earlier (*i.e.* the proposed class period)—are barred by the three-

year statute of limitations applicable to the GBL and Insurance Law claims unless

they relate back to a timely filing.  Their unjust enrichment claims—which were

also filed in August of 2021—are barred by the six-year statute of limitations even

if based on the theory that GHI was unjustly enriched by failing to provide them

with plan materials when they first enrolled in the GHI Plan.[8]  Thus, if the

---

[7]    Even if the unjust enrichment claim were timely (and it is not), it is precluded by the presence of a contract.  Under New York law, "the existence of a valid contract governing the subject matter" of a dispute precludes an unjust enrichment claim "arising out of the same subject matter."  *EBC I, Inc. v. Goldman, Sachs & Co.*, 5 N.Y.3d 11, 23 (2005).  The amount of reimbursement available for each out-of-network service is based on the City's proprietary fee schedule and is incorporated by reference into the terms of insureds' coverage; as this Court has recognized, there is a contract between GHI and the City that governs Plaintiffs' and GHI's relationship.  The Court need not address this issue to resolve the instant motion, but this principle provides an independent basis for the dismissal of the unjust enrichment claim.  *See, e.g.* ECF 55 at 35–39 (dismissing Plavin's unjust enrichment claim as precluded by contract).

[8]    Gary Altman first obtained coverage in January of 1988; Michelle Davis-Matlock first obtained coverage in January 2008; and Danielle Thomas first obtained coverage in January 2014.  *See* Hinkley Decl. ¶ 13.  As of August 30, 2021, each alleged that they continued to enroll in the GHI Plan and purchase the optional enhanced out-of-network rider "since [they] became a member of the GHI Plan."  *See* FAC ¶¶ 14–16.

individual claims of Altman, Thomas, or Davis-Matlock do not relate back to a timely original complaint, they, too, are untimely.

As this Court previously held, *see* ECF No. 114 at 28–29, because Plavin's claims are time-barred, the claims of the remaining Plaintiffs were not tolled.[9] Accordingly, the claims of Plaintiffs Altman, Davis-Matlock, and Thomas also are untimely, and should be dismissed.

---

[9] *See also Pension Tr. Fund for Operating Eng'rs v. Mortg. Asset Securitization Transactions, Inc.*, 730 F.3d 263, 280 (3d Cir. 2013) (affirming dismissal of a second amended class action complaint with prejudice because the claims in the original complaint were untimely); *Hood v. N.J. Dep't of Civ. Serv.*, 680 F.2d 955, 959 (3d Cir. 1982) (rejecting relation back arguments pursuant to *American Pipe* because the original complaint was not timely); *Boggs v. 3M Co.*, 527 Fed. App'x 415, 418 (6th Cir. 2013) ("[A] plaintiff may not save one untimely claim by tacking it onto an untimely initial complaint."); *Henderson v. Bolanda*, 253 F.3d 928, 932 (7th Cir. 2001) (untimely original complaint "cannot then act as a life-line for a later complaint, filed after the two-year statute of limitations for the claims which it contained."); *Jewelcor Inc. v. Karfunkel*, No. 3:99-CV-1251, 2000 WL 36741106, at *5 (M.D. Pa. Feb. 22, 2000) ("[T]he original pleading must have been timely filed" to invoke relation back); *Trammell v. Aston Constr. Co.*, No. 95-5300, 1997 WL 299385, at *2 (E.D. Pa. May 30, 1997) (dismissing claims in amended complaint because, even if they could relate back, the original complaint was untimely); *Calhoun v. Invention Submission Corp.*, No. CV 18-1022, 2020 WL 1453088, at *12 (W.D. Pa. Jan. 16, 2020), report and recommendation adopted, No. CV 18-1022, 2020 WL 1445821 (W.D. Pa. Mar. 25, 2020) ("Plaintiffs have not explained how Ms. Gray's omission claims can 'relate back' to a claim which has been dismissed as untimely."); *Smith v. Ulta SALON*, No. 18-2532 (TJK), 2020 WL 1429939, at *4 (D.D.C. Mar. 24, 2020) ("[a]n untimely initial complaint is a legal nullity for [relation back] purposes and so it cannot give effect to a later filed amendment."); *Miller v. Bill Harbert Int'l Constr.*, 505 F. Supp. 2d 1, 19 n.32 (D.D.C. 2007) ("[A]n amended complaint may not relate back to an untimely original complaint."); *Bradley v. Nolan*, No. 3-CV-1616, 2007 WL 959160, at *2 (S.D.N.Y. Mar. 30, 2007) ("[T]he relation back doctrine is inapplicable where, as here, the original complaint itself is untimely.").

## <u>CONCLUSION</u>

For the foregoing reasons, GHI respectfully requests that the Court enter judgment in favor of the Defendant and dismiss this action in its entirety with prejudice.

Dated: January 6, 2023

Respectfully submitted,

LeVAN STAPLETON SEGAL
COCHRAN LLC
Peter H. LeVan, Jr.
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 561-1500

DEBEVOISE & PLIMPTON LLP

By: */s/ Jared I. Kagan*
    Jared I. Kagan, *admitted pro hac vice*
    John Gleeson, *admitted pro hac vice*
    Justin C. Ferrone, *admitted pro hac vice*
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

jgleeson@debevoise.com
jikagan@debevoise.com
jcferrone@debeoivse.com

*Attorneys for Defendant Group Health Incorporated*

**CERTIFICATION PURSUANT TO LOCAL RULE 7.8**

I hereby certify that the foregoing *Memorandum of Law in Support of Defendant Group Health Incorporated's Motion for Partial Summary Judgment* contains 4,958 words, exclusive of the Table of Authorities, Table of Contents, signature block and certificates, as determined by the word count feature of Microsoft Word, the word processing system used to prepare this document.

By:  */s/Jared I. Kagan*

Jared I. Kagan