## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN PLAVIN, GARY ALTMAN, MICHELLE DAVIS-MATLOCK, and DANIELLE THOMAS, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>GROUP HEALTH INCORPORATED,<br>        Defendant. | **JURY TRIAL DEMANDED**<br><br>Case No. 3:17-CV-1462 |

## PLAINTIFFS' OPPOSITION TO GROUP HEALTH INCORPORATED'S MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

**Page(s)**

Introduction ...................................................................................................1

Background ....................................................................................................2

    I.    <u>GHI Misrepresented the Out-of-Network Coverage Provided
by its Health Plan</u> .........................................................................2

    II.    <u>Steven Plavin Enrolled in the GHI Plan and Received
Deceptive Reimbursements</u>........................................................3

    III.    <u>The Other Named Plaintiffs Also Enrolled in the GHI Plan
and Received Deceptive Reimbursements</u> ...............................6

Legal Standard ..............................................................................................6

Argument........................................................................................................7

    I.    <u>The Third Circuit Already Rejected GHI's Arguments</u>........................7

        A.    The Third Circuit already rejected GHI's arguments
regarding the timeliness of Mr. Plavin's GBL and
Insurance Law claims. ...............................................................7

        B.    The Third Circuit already rejected GHI's arguments
regarding the timeliness of Mr. Plavin's unjust
enrichment claims. ...................................................................10

    II.    <u>Mr. Plavin's Claims Were Timely</u> .......................................................11

        A.    Mr. Plavin's GBL and Insurance Law claims were
timely.........................................................................................11

        B.    Mr. Plavin's Unjust Enrichment claim is timely and
non-duplicative...........................................................................14

        C.    The Amended Complaint relates back to Mr. Plavin's
timely complaint. .....................................................................15

    III.    <u>Even If Mr. Plavin's Complaint Was Not Timely, *American
Pipe* Tolling Still Applies to the Amended Complaint</u> ....................15

i

A.    *American Pipe* tolling does not require a timely Original Complaint. ....................................................16

B.    There is no "law-of-the-case" regarding *American Pipe* tolling. .................................................................20

Conclusion .............................................................................21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. Pipe & Const. Co. v. Utah*,
   414 U.S. 538 (1974)........................................................................................16

*Arizona v. California*,
   460 U.S. 605 (1983)........................................................................................21

*Baptiste v. Morris*,
   2020 WL 2745739 (M.D. Pa. May 27, 2020)......................................................6

*Bedrosian v. U.S. Dep't of Treasury, IRS*,
   42 F.4th 174 (3d Cir. 2022) ...............................................................................9

*Bender v. Norfolk S. Corp.*,
   994 F. Supp. 2d 593 (M.D. Pa. 2014).................................................................6

*Boggs v. 3M Co.*,
   527 F. App'x 415 (6th Cir. 2013) ....................................................................20

*Bradley v. Nolan*,
   2007 WL 959160 (S.D.N.Y. Mar. 30, 2007)....................................................20

*Breitman v. Xerox Educ. Servs., LLC*,
   2013 WL 5420532 (S.D.N.Y. Sept. 27, 2013) ..................................................11

*Calhoun v. Invention Submission Corporation*,
   2020 WL 1453088 (W.D. Pa. Jan. 16, 2020) ...................................................19

*Chimenti v. Kimber*,
   2006 WL 335405 (M.D. Pa. Feb. 13, 2006) ...................................................7, 9

*Crown, Cork & Seal Co., Inc. v. Parker*,
   462 U.S. 345 (1983)........................................................................................16

*Gaidon v. Guardian Life Ins. Co. of Am.*,
   750 N.E.2d 1078 (2001) ..............................................................................7, 11

*Gristede's Foods, Inc. v. Unkechauge Nation*,
   532 F.Supp.2d 439 (E.D.N.Y. 2007) .............................................................9, 12

*Haas v. Pittsburgh National Bank*,
526 F.2d 1083 (3d Cir. 1975) ........................................................................17, 18

*Harvey v. Metropolitan Life Ins. Co.*
827 N.Y.S.2d 6 (App. Div. 2006)...........................................................................13

*Henderson v. Bolanda*,
253 F.3d 928 (7th Cir. 2001) ..................................................................................20

*Henry v. Bank of America*,
48 N.Y.S.3d 67 (N.Y. 1st Dep't App. Div. 2017) ...........................................13, 14

*Hood v. New Jersey Department of Civil Service.*
680 F.2d 955 (3d Cir. 1982) ...................................................................................19

*Jewelcor Inc. v. Karfunkel*,
2000 WL 36741106 (M.D. Pa. Feb. 22, 2000).......................................................20

*Kermanshah v. Kermanshah*,
580 F. Supp. 2d 247 (S.D.N.Y. 2008) ....................................................................14

*U.S. ex rel. Miller v. Bill Harbert Int'l Const.*,
505 F. Supp. 2d 1 (D.D.C. 2007)............................................................................20

*Pension Trust Fund for Operating Engineers v. Mortgage Asset*
*Securitization Transactions, Inc.*,
730 F.3d 263 (3d Cir. 2013) ...................................................................................18

*Plavin v. Group Health Inc.*,
857 F. App'x 83 (3d Cir. 2021) .......................................................................*passim*

*Ring v. AXA Financial, Inc.*,
2008 WL 692564 (N.Y. Sup. Ct. Feb. 6, 2008).....................................................13

*Shelton v. Elite Model Mgmt., Inc.*,
812 N.Y.S.2d 745 (N.Y. Sup. Ct. 2005), *abrogated on other*
*grounds by Rhodes v. Herz*, 920 N.Y.S.2d 11 (App. Div. 2011) ...........................13

*Sirico v. F.G.G. Prods., Inc.*,
896 N.Y.S.2d 61 (App. Div. 2010)...........................................................................7

*Smith v. Salon*,
2020 WL 1429939 (D.D.C. Mar. 24, 2020) ......................................................18, 20

*Speeney v. Rutgers, The State Univ.*,
  369 F. App'x 357 (3d Cir. 2010) .......................................................................20

*Stanley v. Direct Energy Services*,
  466 F. Supp. 3d 415 (S.D.N.Y. 2020) ..............................................................12

*Trammell v. Aston Const. Co.*,
  1997 WL 299385 (E.D. Pa. May 30, 1997)........................................................20

**Statutes**

New York General Business Law § 349..........................................................*passim*

New York General Business Law § 350.................................................................4

New York Insurance Law § 4226 .........................................................................4

**Rules**

Fed. R. Civ. P. 15(c)(1)(B) ...............................................................................15

Rule 23 .............................................................................................................16

Rule 56.1 ...................................................................................................*passim*

**Other Authorities**

18B Wright & Miller, *Fed. Prac. and Proc.* §4478.3 (3d ed.)................................9

# INTRODUCTION

The Third Circuit has already heard and rejected every argument that Defendant Group Health Incorporated ("GHI") now makes. In reversing this Court's dismissal of the Original Complaint, the Third Circuit held that an out-of-network reimbursement received by a plaintiff within the three-year period before that Complaint was filed counts as a "new injur[y]" within the limitations period. *Plavin v. Group Health Inc.*, 857 F. App'x 83, 87 (3d Cir. 2021). The Third Circuit rejected GHI's argument—identical, in all material respects, to GHI's motion here—that a plaintiff's receipt of *earlier* reimbursements now means that the statute of limitations bars that plaintiff from bringing claims arising from *later* reimbursements that he received within the three-year period before the Original Complaint was filed on August 16, 2017.

Not only is the Third Circuit's holding the law-of-the-case, it is also correct. New York's well-established "continuing violations" doctrine means that the statute of limitations begins to run anew with each reimbursement a plaintiff receives. Under that doctrine, claims arising from the very low reimbursements Mr. Plavin received from GHI after August 16, 2014 were timely when Mr. Plavin filed his Original Complaint, three years after that date.

Moreover, there are other Named Plaintiffs besides Mr. Plavin whose claims are timely as of the filing of the Original Complaint, because the *American Pipe*

1

doctrine tolled the statute of limitations as to them, and as to all the other putative class members. GHI makes the novel contention that *American Pipe* tolling only applies if the original complaint is later found to be timely. But that argument is unsupported by any clear precedent and should be rejected as contrary to the equitable principles of judicial economy, efficiency, and fairness on which *American Pipe* is based.

Each of these three reasons is an independent basis to deny GHI's motion.

## BACKGROUND

### I. <u>GHI Misrepresented the Out-of-Network Coverage Provided by its Health Plan</u>

From 2011 to 2015 ("the Class Period") the City of New York offered health insurance plans to its employees and retirees. Employees and retirees selected the plan they wanted, and the City paid some or all of the premiums. Kagan Decl. Ex. 1, Rule 56.1 Statement of Undisputed Facts ("Rule 56.1 Stmt.") ¶¶6–7 (previously filed at ECF No. 135). Active employees selected their health plan from September to November each year, for coverage that began January 1 of the following year. *Id.* Retired employees selected their health plans every other year. *Id.*

Many City employees and retirees selected the GHI Comprehensive Benefits Plan ("the GHI Plan"). *See* Ex. 1 to the Declaration of Nicholas C. Carullo ("Carullo Decl.") (description of the GHI Plan) at GHI000005348. The GHI Plan offered out-of-network coverage; however, GHI Plan members were responsible for paying the

2

difference between what the out-of-network provider charged and what GHI reimbursed. *Id*. GHI's out-of-network reimbursement rates were based on a Non-Participating Provider Fee Schedule created in 1983. *Id.*

Plaintiffs contend that GHI made misrepresentations about the GHI Plan's out-of-network reimbursements in two documents that were made available to employees and retirees when selecting their plan: (1) the NYC Summary Program Description ("SPD") which described each of the health plans on offer; and (2) a Summary of Benefits & Coverage ("SBC") describing the GHI Plan and published on GHI's website. *See* Kagan Decl. Ex. 1, Rule 56.1 Plaintiffs' Additional Facts ("Pls.' Add'l Rule 56.1 Stmt.") ¶1 (previously filed at ECF No. 135) (describing SPD); Ex. 2 (describing GHI's drafting of the SPD); Ex. 3 (SBC); *see generally* Amended Complaint ¶¶ 22–43 (describing the misrepresentations).

These misrepresentations re-occurred year after year, including in the September-November sign-up period for the 2014 plan year. Ex. 4 (describing the 2014 plan year sign-up period).

## II.   Steven Plavin Enrolled in the GHI Plan and Received Deceptive Reimbursements

Steven Plavin is a retired member of the New York City Police Department. Rule 56.1 Stmt. ¶3. Mr. Plavin first enrolled in the GHI Plan in 1984. *Id.* ¶4. As a retiree, he was enrolled in the GHI Plan for each year of the Class Period (2011 to 2015). *Id.* ¶4.

Mr. Plavin and his dependents incurred out-of-network medical expenses during the Class Period. *Id.* ¶4. Mr. Plavin's reimbursements from GHI, for these out-of-network expenses, were below his expectations. Mr. Plavin received some of these below-expectations reimbursements within three years of filing the Original Complaint, *i.e.*, after August 16, 2014. Rule 56.1 Stmt. ¶16; Pls.' Add'l Rule 56.1 Stmt. ¶4.

Mr. Plavin filed the Original Complaint on August 16, 2017. In it, he alleged that GHI misled consumers about the out-of-network reimbursements provided under the GHI Plan, which violated the New York General Business Law ("GBL") §§ 349 and 350, the New York Insurance Law § 4226, and unjustly enriched GHI. Rule 56.1 Stmt. ¶¶1–2. The Original Complaint alleged specific examples of out-of-network services whose reimbursements failed to meet Mr. Plavin's expectations, including one in February 2013 and another received in February 2015.

GHI moved to dismiss the Original Complaint on the grounds that, among other things, Mr. Plavin's claims were barred by the statute of limitations. ECF No. 31-1 at 9–14. This Court rejected GHI's statute-of-limitations argument, but dismissed the Original Complaint on other grounds. *See* ECF No. 55 at 16–17. When Mr. Plavin appealed to the Third Circuit, GHI renewed its argument that the statute of limitations barred Mr. Plavin's claims.

The Third Circuit reversed the dismissal. *Plavin*, 857 F. App'x at 87-88. In so doing, the Third Circuit also rejected GHI's renewed statute-of-limitations argument. The panel held that Mr. Plavin's February 2015 reimbursement was "enough to bring the complaint within the statute of limitations," because the "February 2015 reimbursement is plausibly a 'new injury.'" *Id.* The Third Circuit held this even though the Original Complaint "also alleges that Plavin was reimbursed for out-of-network services outside the three-year limit," including the February 2013 reimbursement alleged in the Original Complaint. *Id.* Although GHI now quibbles that the February 2015 reimbursement was not for out-of-network services, this is irrelevant.[1] Discovery has confirmed the salient fact, which is that Mr. Plavin received reimbursements for out-of-network services within the three-year period prior to filing the Original Complaint. Ex. 5 (GHI000130001); *see also* Carullo Decl. ¶7.

---

[1] Mr. Plavin's Original Complaint misidentified the February 2015 reimbursement as an out-of-network service because GHI's Explanation of Benefits was confusing. This does not matter at this stage, because GHI does not dispute that Mr. Plavin and the other Plaintiffs did indeed incur out-of-network medical expenses within the Class Period. Pls.' Add'l Rule 56.1 Stmt. ¶¶5–6. Finally, GHI expressly waives this argument as grounds for granting its motion. *See* ECF No. 141-1, Memorandum of Law in Support of Defendant GHI's Motion for Summary Judgment ("GHI Br.") at 14, n.2.

### III.   The Other Named Plaintiffs Also Enrolled in the GHI Plan and Received Deceptive Reimbursements

After the case was remanded to this Court, Mr. Plavin filed an Amended Complaint in August 2018. Joining him as co-Named Plaintiffs were Gary Altman, Danielle Thomas, and Michelle Davis-Matlock, all of whom were enrolled in the GHI Plan and received reimbursements for out-of-network medical services, below their expectations, during the Class Period. ECF No. 70; Pls.' Add'l Rule 56.1 Stmt. ¶¶5–6, 10; *see also* Ex. 7. Like Plavin, Plaintiffs Altman and Thomas received reimbursements for such services after August 16, 2014. Ex. 5; *see also* Carullo Decl. ¶7.

This Court granted Mr. Plavin's motion to withdraw as a plaintiff on June 27, 2022.  ECF No. 115.

### LEGAL STANDARD

As the moving party, GHI has the burden to show the absence of a genuine issue of material fact. *Bender v. Norfolk S. Corp.*, 994 F. Supp. 2d 593, 602 (M.D. Pa. 2014). GHI's motion is based on "[t]he statute of limitations[,] an affirmative defense, which must be pleaded and proved by the defendant." *Baptiste v. Morris*, 2020 WL 2745739, at *5 (M.D. Pa. May 27, 2020).

The statute of limitations for Plaintiffs' GBL and Insurance Law claims is three years.  *Plavin*, 857 F. App'x at 87 (citing New York caselaw). Where, as here, "the gravamen of the complaints of General Business Law § 349 violations was not

6

false guarantees of policy terms, but deceptive practices inducing unrealistic expectations," a plaintiff's claims accrue at "the point in time when those expectations were actually not met." *Gaidon v. Guardian Life Ins. Co. of Am.*, 750 N.E.2d 1078, 1084 (2001). The limitations period for Plaintiffs' unjust enrichment claims is six years. *Sirico v. F.G.G. Prods., Inc.*, 896 N.Y.S.2d 61, 66 (App. Div. 2010).

## ARGUMENT

The Third Circuit already rejected the only arguments GHI makes regarding Mr. Plavin's claims arising from the post-August 16, 2014 reimbursements he received. That ruling is law of the case and is plainly correct under New York Law. Moreover, the filing of the Original Complaint tolled all other class members' claims pursuant to *American Pipe*.

## I.   **The Third Circuit Already Rejected GHI's Arguments**

### A.   **The Third Circuit already rejected GHI's arguments regarding the timeliness of Mr. Plavin's GBL and Insurance Law claims.**

GHI's sole argument for the untimeliness of Mr. Plavin's GBL and Insurance Law claims is that he received out-of-network services before August 16, 2014 that did not meet his expectations. The Third Circuit already considered and rejected this argument, holding that each reimbursement is a "new injury" for limitations purposes. *Plavin*, 857 F. App'x at 87. That ruling is law-of-the-case and fatal to GHI's motion. *See Chimenti v. Kimber*, 2006 WL 335405, at *2 (M.D. Pa. Feb. 13,

2006) ("The mandate of an appellate court establishes the law controlling further action in the litigation by another body subject to its authority.").

At the motion to dismiss stage, GHI argued that Mr. Plavin's Complaint was untimely for the same reason it argues now: Mr. Plavin received reimbursements for out-of-network services before August 16, 2014, outside of the limitations period. *See* ECF No. 31-1 at 12 (GHI Motion to Dismiss); ECF No. 44 at 7 (GHI Motion to Dismiss Reply). In doing so, GHI identified three pre-limitations period medical services pled in Mr. Plavin's Complaint. *See* ECF No. 44 at 7 ("The Complaint alleges that Plaintiff's wife received out-of-network services in February 2013, March 2014, and July 2014, all of which are outside of the limitations period – the earliest of which by eighteen months . . . Thus, even under Plaintiff's theory, his GBL claims are time barred.").

After this Court rejected GHI's limitations argument, GHI raised it anew before the Third Circuit, again arguing that the Complaint was time-barred because it pled untimely claims from 2013 and 2014 "for which Plaintiff was allegedly inadequately reimbursed." Ex. 8 at 47 (GHI's Third Circuit Brief). The Third Circuit repudiated that argument, and held that each new reimbursement is a "new injury" for limitations purposes:

> GHI also argues that the complaint pleads allegations outside the three-year limitations period, meaning the entire complaint is time-barred. ***It is true that the complaint also alleges that Plavin was reimbursed for out-of-network services outside the three-year limit.*** But these were

8

for different medical procedures. ***Thus, his February 2015 reimbursement is plausibly a "new injur[y]."*** Drawing all reasonable inferences in Plavin's favor, the allegation that his expectations were not met in February 2015 is enough to bring the complaint within the statute of limitations.

*Plavin*, 857 F. App'x at 87 (emphasis added). The Third Circuit relied on *Gristede's Foods, Inc. v. Unkechauge Nation*, which held that under New York's GBL, "each deceptive act . . . inflict[s] new injuries" causing a claim to accrue at each deceptive act. 532 F.Supp.2d 439, 453 (E.D.N.Y. 2007). The same is true here. The deceptive acts Mr. Plavin alleges are the out-of-network reimbursements that did not accord with the representations GHI made to prospective plan members. Each reimbursement thus constitutes a "new injury" that restarts the statute of limitations as to that particular reimbursement. *See Plavin*, 857 F. App'x at 87.

The Third Circuit's holding is now the law-of-the-case. That doctrine "prevents reconsideration of legal issues already decided in earlier stages of a case." *Bedrosian v. U.S. Dep't of Treasury, IRS*, 42 F.4th 174, 181 (3d Cir. 2022). An appellate ruling in the same case is the classic example of a controlling "law-of-the-case." *Chimenti*, 2006 WL 335405, at *2; *see* 18B Wright & Miller, *Fed. Prac. and Proc.* §4478.3 (3d ed.) (same). GHI itself invokes the law-of-the-case doctrine in its brief.

GHI does not present any material new facts or arguments that distinguish its motion from the Third Circuit's ruling applying the continuing violations doctrine.

The Third Circuit knew that Mr. Plavin had received earlier reimbursements, before August 2014. *Plavin*, 857 F. App'x at 87. (acknowledging that "Plavin was reimbursed for out-of-network services outside the three-year limit"). And the Third Circuit knew that Mr. Plavin's expectations were not met by those earlier reimbursements. *Id.* (acknowledging that Mr. Plavin alleged that his "expectations were not met" for all the reimbursements he received). The Third Circuit found the Original Complaint timely anyway.

### B. The Third Circuit already rejected GHI's arguments regarding the timeliness of Mr. Plavin's unjust enrichment claims.

Before the Third Circuit, GHI also argued that Mr. Plavin's unjust enrichment claim should be dismissed as time-barred. Ex. 8 at 45. The Third Circuit disagreed. *Plavin*, 857 F. App'x at 86–87. That holding, too, is now law-of-the-case.

GHI's motion introduces no new facts that were not before the Third Circuit. GHI's argument boils down to two points: 1) Mr. Plavin originally signed up for the GHI Plan in 1984; and 2) Mr. Plavin was denied information regarding the fee schedule at that time. ECF No. 141-1, Memorandum of Law in Support of Defendant GHI's Motion for Summary Judgment ("GHI Br."), at 15-18. Both of these facts were pled in Mr. Plavin's Original Complaint. *See* ECF No. 1 ¶¶13, 24. The Third Circuit construed both of these facts as true and still held that Mr. Plavin's unjust enrichment claim was timely pled. *Plavin*, 857 F. App'x at 87.

## II.   Mr. Plavin's Claims Were Timely

Even if the Third Circuit's holding were not law of the case, GHI's motion should still be denied because the Third Circuit got it right: Mr. Plavin's claims *were* timely.

### A.   Mr. Plavin's GBL and Insurance Law claims were timely.

The statute of limitations for Plaintiffs' GBL and Insurance Law claims is three years. *Plavin*, 857 F. App'x at 87. These claims accrue when the consumer's "expectations were actually not met." *Gaidon*, 750 N.E.2d at 1084. That means that Mr. Plavin's claims accrued not when GHI made its representations regarding the GHI Plan, but when Mr. Plavin received reimbursements for out-of-network services that did not meet his expectations.

GHI attempts to argue that the statute of limitations began to run in 2007 (or earlier), whenever Mr. Plavin *first* received a reimbursement that did not meet his expectations. GHI Br., at 13–15. But that argument is foreclosed by New York's continuing violations doctrine, which applies where, as here, the defendant engages in a "series of allegedly deceptive acts." *Breitman v. Xerox Educ. Servs., LLC*, 2013 WL 5420532, at *4 (S.D.N.Y. Sept. 27, 2013) (applying the continuing violations doctrine to a GBL claim). This doctrine "effectively tolls the limitations period until the date of the commission of the last wrongful act." *Id.* That means Mr. Plavin's Original Complaint was timely as to all the under-reimbursements he received

within the three-year limitations period, *i.e.*, August 16, 2014 and later. *See* Ex. 5; *see also* Carullo Decl. ¶7 (Mr. Plavin did receive such reimbursements). Mr. Plavin's statutory claims are thus timely as to those reimbursements.

Courts routinely apply the continuing violations doctrine to GBL claims like Mr. Plavin's. *Stanley v. Direct Energy Services* is instructive. 466 F. Supp. 3d 415, 432 (S.D.N.Y. 2020). In *Stanley*, Plaintiff brought GBL claims against an energy company that told consumers it would base monthly rates on competitive, market-based pricing but failed to do so. *Id.* Plaintiff brought a GBL claim alleging that the non-competitive monthly charges rendered the defendant-energy company's initial statements regarding the calculation of the monthly rates misleading. Defendant moved to dismiss plaintiff's claims as untimely, arguing that the initial representation regarding the competitiveness of the monthly pricing triggered the start of the limitations clock. The court disagreed, holding that the continuing violations doctrine applied and that each monthly charge constituted an individual wrongful act, and that therefore the statute of limitations began to run anew for each monthly charge. *Id.*

Many other New York cases apply the "continuing violations" doctrine to reach the same result—including *Gristede's Foods*, relied on by the Third Circuit in this case. 532 F. Supp. 2d at 453 (rejecting argument that a GBL claim "accrues only once (as of the date of the initial injury) and does not continue to accrue upon each

subsequent violation"). There are many more. *See, e.g.*, *Ring v. AXA Financial, Inc.*, 2008 WL 692564, at \*4 (N.Y. Sup. Ct. Feb. 6, 2008) (applying continuing violations doctrine to GBL claim alleging misrepresentations in insurance sale, and reasoning that where "plaintiff continued to be billed and she has continued to pay, the statute has not expired on her claim"); *Shelton v. Elite Model Mgmt., Inc.*, 812 N.Y.S.2d 745, 751 (N.Y. Sup. Ct. 2005) (applying the same to serial overpayments of modeling-agency fees, while noting that "[t]he critical question is when was plaintiff injured by the alleged deceptive act"), *abrogated on other grounds by Rhodes v. Herz*, 920 N.Y.S.2d 11 (App. Div. 2011); *Harvey v. Metropolitan Life Ins. Co*. 827 N.Y.S.2d 6, at \*2 (App. Div. 2006) (same, for GBL claim where insurer deceptively marketed plan coverage and plaintiff continued to pay premiums towards that plan).

GHI barely tries to escape the continuing violations doctrine, mentioning it in just one footnote that cites a single inapposite case. GHI Br., at 15 n.4. In *Henry v. Bank of America*, the plaintiff alleged that he was wrongfully enrolled in certain credit protection programs offered by Bank of America *outside* the relevant statute of limitations period. 48 N.Y.S.3d 67, 70–71 (N.Y. 1st Dep't App. Div. 2017). Plaintiff continued to pay premiums for those products within the statute of limitations period, and he argued that each of those payments was a continuing wrong for which he was permitted to sue. *Id.* The court disagreed, holding that the payments were simply the consequences of the wrongful act, *i.e.*, the Bank's

unauthorized enrollment of him in the protection programs. *Id.* That is nothing like the facts in this case. Mr. Plavin does not allege that he was wrongfully enrolled in the GHI Plan; he alleges GHI deceived him when his specific reimbursements for out-of-network claims were less than what GHI represented to him and the class.

For these reasons, Mr. Plavin's GBL and Insurance Law claims are timely.

## B.     Mr. Plavin's Unjust Enrichment claim is timely and non-duplicative.

Mr. Plavin's unjust enrichment claim was likewise timely. As GHI concedes, New York's six-year statute of limitations applies to unjust enrichment claims. *Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 263 (S.D.N.Y. 2008). But GHI gets wrong the start date for Mr. Plavin's limitations clock. That clock did not start when Mr. Plavin signed up for the GHI Plan in 1984, including because that enrollment did not extend through the Class Period. Instead, Mr. Plavin was required to select his health insurance annually—or bi-annually, after he retired. Each year, GHI submitted its description of the GHI Plan to the City for inclusion in that year's Summary Program Description, which was disseminated to City employees for each year's separate enrollment. Pls.' Add'l Rule 56.1 Stmt. ¶1. As the Third Circuit held, GHI's "failure to communicate the Plan's terms" forms an independent basis for Plaintiffs' unjust enrichment claims, and that happened every year for active employees and every other year for retired employees. *Plavin*, 857 F. App'x at 86–87. Mr. Plavin's Complaint was thus timely as to his unjust enrichment claims.

14

Although GHI spills much ink in an attempt to show that Mr. Plavin's unjust enrichment claims are duplicative of his GBL and Insurance Law claims, that ink is irrelevant because GHI does not move this Court for such a finding. Nor could it, since the Third Circuit already ruled that Mr. Plavin's unjust enrichment claims are not duplicative. *Id.*

### C. The Amended Complaint relates back to Mr. Plavin's timely complaint.

If Mr. Plavin's Original Complaint was timely, then Plaintiffs' Amended Complaint "relates back" to it and is timely as well. *See* Fed. R. Civ. P. 15(c)(1)(B). Here, the Amended Complaint's claims "arose out of the conduct … set out … in the original pleading." *Id.* The Amended Complaint is based on the same misleading statements by GHI, regarding out-of-network reimbursement, as the Original Complaint. GHI does not contend otherwise and has therefore failed to meet its burden to show that the Amended Complaint does not relate back to the Original Complaint. *See* GHI Br. at 18–19 (arguing that the "individual claims of Altman, Thomas, or Davis-Matlock" would only be "untimely" if they "do not relate back to a timely original complaint").

## III. Even If Mr. Plavin's Complaint Was Not Timely, *American Pipe* Tolling Still Applies to the Amended Complaint

Even if Mr. Plavin's Original Complaint was not timely, the other Named Plaintiffs' claims are timely because their claims were tolled, pursuant to *American*

*Pipe*, as of the filing of the Original Complaint. And GHI does not even attempt to argue that the other Named Plaintiffs' claims were not timely as of August 2017, when the Original Complaint was filed.

### A. *American Pipe* tolling does not require a timely Original Complaint.

GHI advances a novel, unsupported argument that *American Pipe* tolling does not apply if the original plaintiff's claims were untimely as to that original plaintiff. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974). This argument should be rejected because it would eviscerate the *American Pipe* doctrine and result in the flood of individual lawsuits that the doctrine was intended to forestall.

"The *American Pipe* Court recognized that unless the statute of limitations was tolled by the filing of the class action, class members would not be able to rely on the existence of the suit to protect their rights." *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350 (1983). Without tolling, other class members would be forced to file their own individual claims to prevent the statute of limitations from running. That is "precisely the multiplicity of activity which Rule 23 was designed to avoid." *American Pipe*, 414 U.S. at 551; *see also Crown, Cork & Seal*, 462 U.S. at 350.

This case highlights the total unworkability of GHI's proposed restriction on *American Pipe*. GHI's rule would mean that class members could not rely on tolling without first (somehow) satisfying themselves that Mr. Plavin's Complaint was

timely as to his claims. How could putative class members be expected to do that? The statute of limitations is an affirmative defense, not a pleading requirement, and this Court and a panel of the Third Circuit both held that Mr. Plavin's Original Complaint was timely. How was a putative class member supposed to predict that GHI would re-raise this affirmative defense based on a later deposition of Mr. Plavin, and how could a putative class member foresee that this Court might grant summary judgment on that basis? GHI has no answers to these questions. If GHI's proposed rule were the law, then *American Pipe* would be a dead letter: The only viable option for members of a putative class will be to file their own duplicative individual actions, in order to protect against the unforeseeable circumstance that a court later finds that the original complaint was untimely as to the named plaintiff's claims.

GHI cites no case that expressly adopts its novel and drastic restriction of the *American Pipe* doctrine. The *Haas v. Pittsburgh National Bank* case is inapposite, because the timeliness of the original complaint was not at issue. 526 F.2d 1083, 1097 (3d Cir. 1975). *Haas* simply mentioned, in *dicta* and without discussion, that *American Pipe* tolling applied to the "timely commencement of a class action." *Id.* But in context, the court was referring, not to the timeliness of the *original plaintiff's* claims, but rather was referring to the timeliness of the *new plaintiffs'* claims, who later intervened. Those new claims must, of course, be timely as of the date of the original complaint—but here, GHI does not dispute that the other Named Plaintiffs'

claims are timely. The *Haas* court also emphasized the important efficiency concerns at stake: "[I]f the statute of limitations is not tolled in situations where the district court's ruling on maintenance of a class action is difficult to predict, members of a purported class might be induced to intervene as a matter of self-protection . . . which would result in the individual intervention of class members, and which would 'breed' needless duplicative motions." *Id.* (discussing *American Pipe*).[2]

GHI dumps a number of other cases into a footnote at the end of its brief, but none of them adopts GHI's novel restrictions on *American Pipe.* Two cases involved instances where the amended complaint would not have been timely even if filed at the time of the original complaint.   For example, in *Pension Trust Fund for Operating Engineers v. Mortgage Asset Securitization Transactions, Inc.*, the court held that an amended complaint alleging securities fraud on behalf of a class of similarly-situated investors would itself have been untimely if filed at the time of the original complaint, so the amended complaint could not relate back. 730 F.3d 263, 276–80 (3d Cir. 2013). In other words, the claims sought were untimely *as to the entire class*, not just the plaintiff who originally brought the case. Likely for that reason, the court in *Pension Trust* did not discuss *American Pipe* tolling at all.

---

[2] The other case cited by this Court in its Order on Plaintiffs' motion for protective order was not a class action and did not discuss *American Pipe* tolling. *See Smith v. Salon*, 2020 WL 1429939, at *1 (D.D.C. Mar. 24, 2020).

The same is true for *Hood v. New Jersey Department of Civil Service*. 680 F.2d 955, 959 (3d Cir. 1982). In *Hood*, the court held that a follow-on plaintiff could not take advantage of *American Pipe* tolling to relate back to an untimely complaint. *Id.* But that follow-on plaintiff's own claim would have been untimely under at least one theory of liability even if he had filed it at the time the original, untimely complaint was filed. Neither case examined whether *American Pipe* tolling applies when the original plaintiff's individual claims are untimely but where the other class members' claims would be timely as of the date of the original complaint.

*Calhoun v. Invention Submission Corporation* is not applicable either. There, the original plaintiff's class claims were dismissed without prejudice. 2020 WL 1453088, at *2 (W.D. Pa. Jan. 16, 2020). That original plaintiff filed a second amended complaint adding additional plaintiffs. *Id.* Those follow-on plaintiffs sought to relate their claims back to the date of the *already dismissed* original complaint. The court rightly held that relation back and *American Pipe* tolling do not apply to already dismissed complaints. *Id*. at *12 ("Plaintiffs have not explained how Ms. Gray's omission claims can 'relate back' to a claim **which has been dismissed** as untimely." (emphasis added)). Here, by contrast, no court dismissed Mr. Plavin's Original Complaint as untimely before the Amended Complaint was filed.

GHI's remaining cases are not class actions and therefore have nothing to say about *American Pipe*:

- *Henderson v. Bolanda*, 253 F.3d 928, 930 (7th Cir. 2001) (not a class action case)

- *Jewelcor Inc. v. Karfunkel*, 2000 WL 36741106, at *4–6 (M.D. Pa. Feb. 22, 2000) (same)

- *U.S. ex rel. Miller v. Bill Harbert Int'l Const.*, 505 F. Supp. 2d 1, 3 (D.D.C. 2007) (same)

- *Boggs v. 3M Co.*, 527 F. App'x 415, 418–19 (6th Cir. 2013) (involving a single plaintiff seeking to relate his own new claims back to an untimely complaint)

- *Trammell v. Aston Const. Co.*, 1997 WL 299385, at *2 (E.D. Pa. May 30, 1997) (same)

- *Smith*, 2020 WL 1429939, at *4 (same)

- *Bradley v. Nolan*, 2007 WL 959160, at *2 (S.D.N.Y. Mar. 30, 2007) (same)

In short, GHI has not cited a single case that adopts its novel, drastic restriction on *American Pipe.* This Court should not be the first.

## B.     There is no "law-of-the-case" regarding *American Pipe* tolling.

GHI wrongly contends that it is "law-of-the-case" that *American Pipe* tolling does not apply to the Amended Complaint if Mr. Plavin's Complaint was untimely. GHI is wrong because the law-of-the-case doctrine only applies to the "relitigation of issues that the parties had a full and fair opportunity to litigate." *Speeney v. Rutgers, The State Univ.,* 369 F. App'x 357, 361 (3d Cir. 2010). The parties have

20

not previously had the opportunity to fully litigate the question of whether *American Pipe* tolling applies if the original complaint was untimely. The ruling GHI relies on was rendered for a discovery dispute, during which neither party fully briefed the *American Pipe* issue. ECF No. 114 at 28–29. For that reason, this Court's discussion of *American Pipe* tolling is not law-of-the-case.

Even if this Court's discovery ruling were law of the case (it's not), it should be reconsidered now. *See Arizona v. California*, 460 U.S. 605, 620 n.8 (1983) ("[I]t is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice."). Reconsideration is proper here because the weight of authority holds that *American Pipe* tolling would apply even if the Original Complaint were untimely as to Mr. Plavin.

## CONCLUSION

For these reasons, the Court should deny GHI's motion for summary judgment.

Dated: February 17, 2023

/s/ Nicholas C. Carullo

William Christopher Carmody (*Pro Hac Vice*)
Steven Shepard (*Pro Hac Vice*)
Nicholas C. Carullo (*Pro Hac Vice*)
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: 212-336-8330
Fax: 212-336-8340

21

bcarmody@susmangodfrey.com
sshepard@susmangodfrey.com
ncarullo@susmangodfrey.com

Halley W. Josephs (*Pro Hac Vice*)
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: 310-789-3100
Fax: 310-789-3150
hjosephs@susmangodfrey.com

Steve Cohen (*Pro Hac Vice*)
111 Broadway, Suite 1804
New York, NY 10004
Tel.: (212) 337-5361
scohen@pollockcohen.com

J. Timothy Hinton, Jr., Esq. (PA ID 61981)
Michael F. Cosgrove, Esq. (PA ID 47349)
HAGGERTY HINTON & COSGROVE
LLP
203 Franklin Avenue
Scranton, PA 18503
Tel: (570) 344-9845
timhinton@haggertylaw.net

*Attorneys for Plaintiffs*

## **Certification Pursuant to Local Rule 7.8**

I hereby certify that the forgoing contains 4,968 words, exclusive of the Table of Authorities, Table of Contents, signature block and certificates, as determined by the word count feature of Microsoft Word, the word processing system used to prepare this document.


*/s/ Nicholas C. Carullo*
Nicholas C. Carullo

## Certificate of Service

I certify that on February 17, 2023, I caused a true and correct copy of the foregoing, along with the supporting Declaration of Nicholas C. Carullo and the exhibits thereto, and a proposed order, to be filed using the Court's Electronic Filing System ("ECF System"). Redacted versions of documents are available for viewing and downloading via the ECF system and will be served by operation of the ECF System upon all counsel of record. Unredacted versions of the documents, including documents filed under seal by Order of the Court, will be provided to the Clerk's Office, the Chambers of Hon. Judge Robert D. Mariani, and all counsel of record by e-mail.

/s/ Nicholas C. Carullo
Nicholas C. Carullo